County of Douglas v. Coburn.

COUNTY OF DOUGLAS V. WILLIAM COBURN.

[FILED MARCH 30, 1892.]

1. Boarding Prisoners: COMPENSATION: LIABILITY OF COUNTY. In recovering compensation for boarding prisoners, no discrimination is to be made between those committed for a violation of the criminal laws of the state, and the penal ordinances of a city of the metropolitan class, and the county will be liable to the sheriff for such compensation.

2. ———: ———: LIABILITY OF CITY. The city, however, will be liable to the county for the amount so expended for prisoners under the penal ordinances of the city.

ERROR to the district court for Douglas county. Tried below before CLARKSON, J.

*T. J. Mahoney,* for plaintiff in error.

*Cowin & McHugh, contra.*

MAXWELL, CH. J.

The defendant in error was sheriff of Douglas county during May, June, and July, 1889, and during that time

there were committed to his custody twenty-one persons convicted of a violation of the criminal laws of the state, and 138 for a violation of the penal ordinances of the city of Omaha, which was, then, as now, a city of the metropolitan class. This action was brought for the board of all these prisoners.

It is admitted that the county is liable for the prisoners committed under the criminal laws of the state, but denied that it is liable for those committed under the ordinances of the city. The court below found in favor of the defendant in error and rendered judgment accordingly. The question is to be determined by a construction of the statutes.

Section 83, chapter 13a, Compiled Statutes, provides: "Any city shall have the right to use the jail of the county for the confinement of such persons as may be liable to imprisonment under the ordinances of the city, but it shall be liable to the county for the cost of keeping such prisoners. The city shall not pay to exceed fifteen cents for each meal furnished prisoners and fifteen cents for lodging."

Section 73, chapter 14, provides: "Any city or village shall have the right to use the jail of the county for the confinement of such persons as may be liable to imprisonment under the ordinances of such city or village, but it shall be liable to the county for the cost of keeping such prisoners."

Section 63, article 2, chapter 14, provides: "Any city shall have the right to use the jail of the county for the confinement of such persons as may be liable to imprisonment under the ordinances of said city, but it shall be liable to the county for the cost of keeping such prisoners."

Section 55, chapter 12a, provides: "The mayor and council shall have power to erect, designate, establish, maintain, and regulate hospitals, or work-houses, houses of correction, jails, station houses, and other necessary buildings."

The city of Omaha has always sent its prisoners, convicted of a violation of its penal ordinances, to the county jail of Douglas county, and it is, in effect, admitted that this practice constitutes a designation, by the mayor and council, of the county jail as the place where such persons shall be confined.

Section 118, chapter 18, Compiled Statutes, provides: "He [the sheriff] shall have charge and custody of the jail and the prisoners of the same, and is required to receive those lawfully committed and to keep them himself, or by his deputy jailer, until discharged by law." The sheriff is thus required to receive and keep all prisoners lawfully committed to the county jail. The prisoners are to be received by him as sheriff and cared for as such.

Section 1, chapter 46, provides: "The judges of the district courts of the several judicial districts of this state shall, from time to time, as they may deem necessary, prescribe, in writing, rules for the regulations and government of the jails in the several counties within their respective districts, upon the following subjects: First—The cleanliness of the prison and prisoners. Second—The classification of prisoners in regard to sex, age, and crime, and also persons insane, idiots, and lunatics. Third—Beds and clothing. Fourth—Warming, lighting, and ventilation of the prison. Fifth—The employment of medical and surgical aid when necessary. Sixth—Employment, temperance, and instruction of the prisoners. Seventh—The supplying of each prisoner with a Bible. Eighth—The intercourse between prisoners and their counsel and other persons. Ninth—The punishment of prisoners for violation of the rules of the prison. Tenth—Such other regulations as said judges may deem necessary to promote the welfare of said prisoners. *Provided,* That said rules shall not be contrary to the laws of this state.

"Sec. 2. The said judges shall, as soon as may be, cause a copy of said rules to be delivered to the county commis-

26

sioners in the several counties in their respective judicial districts; and it shall be the duty of said commissioners forthwith to cause the same to be printed, and to furnish the sheriff of their county with a copy of said rules, for each and every room or cell of said jail, and also to forward a copy of said rules by mail to the state auditor, who shall carefully file away and preserve the same.

"Sec. 3. The said sheriff shall, immediately on the receipt of said rules, cause a copy thereof to be posted up and continued in some conspicuous place in each and every room or cell in said jail.

"Sec. 4. The said judges may, from time to time, as they may deem necessary, revise, alter, or amend said rules, and such revised, altered, or amended rules shall be printed and disposed of by said commissioners and sheriff in the same manner as is directed by the second and third sections of this chapter.

"Sec. 5. The sheriff, or in case of his death, removal, or disability, the person by law appointed to supply his place, shall have charge of the county jail of his proper county, and of all persons by law confined therein, and such sheriff or other officer is hereby required to conform, in all respects, to the rules and directions of said district judge above specified, or which may, from time to time, by said judge be made and communicated to him by said commissioners."

In the very able and elaborate brief of the county attorney, it is contended that the city is liable to the sheriff for the board of the city prisoners, and that the county is not so liable, but he has referred to no statute that authorizes the sheriff to collect such fees from the city. The sheriff is a county officer and receives prisoners into the jail of the county as such. The county board has the general supervision of the jail in common with other property of the county, and it is the duty of such board to see that the rules prescribed by the district judges are carried out. The

county is liable to the officer for the board of prisoners committed to the county jail. He has no arrangement with the city authorities for compensation and the law fails to provide for the allowance of such claims, while it does provide that the county shall be liable. The city, therefore, is not liable directly to the sheriff, but no doubt is to the county, for the amount so expended, with interest thereon. The judgment of the court below is right and is

.    AFFIRMED.

THE other judges concur.