ROBERT KYD, SHERIFF, v. GAGE COUNTY.

FILED OCTOBER 24, 1893.    No. 6434.

</div>

Sheriffs: COMPENSATION OF JAILER: COUNTIES.    The sheriff is *ex officio* jailer of his county.    He may, if he so elect, appoint a jailer who shall be a deputy, and take the oath required by law. The jailer is not paid a salary, but is allowed for the board and care of prisoners actually confined in the jail, and "where there are prisoners confined in the county jail, one dollar and fifty cents per day," to be paid by the county.

ERROR from the district court of Gage county.    Tried below before BUSH, J.

*Alfred Hazlett* and *L. M. Pemberton*, for plaintiff in error.

*R. W. Sabin, contra.*

MAXWELL, C. J.

This is an action upon an account.    The plaintiff alleges in his petition that he is now and has been the duly elected and qualified sheriff of said defendant since January 7, 1892, and that the said defendant is a corporation under the laws of Nebraska, having a population of over 25,000 people; that the defendant is indebted to plaintiff in the

sum of $3,096.93, with interest thereon at the rate of —— per cent per annum from the —— day of ——, A. D. 1893, as money due and unpaid on a certain account, a true copy of which said account is attached, the said itemized account being for moneys due this plaintiff·from said defendant for fees due him as sheriff of Gage county, Nebraska, for moneys advanced for transporting prisoners, and for board of prisoners at the request of the defendant; that said account sued on in this action was disallowed in part, as shown by the county clerk's transcript, from which disallowance the plaintiff has appealed according to law. No part of said account has been paid, and there is now due thereon from defendant to plaintiff the said sum of $3,096.93, with interest as above set forth, for which, with costs of suit, plaintiff asks judgment against said defendant.

To this petition the county filed an answer as follows:

"Now comes the said defendant, and for answer to plaintiff's petition herein alleges:

"1. It admits that the plaintiff is the duly elected sheriff of said defendant since January 7, 1892, and that said defendant is a corporation having a population of over 25,000 people.

"2. Defendant admits that that portion of plaintiff's bill, as shown by the petition and the bills and record of the proceedings of the board of supervisors attached thereto, marked 'Custody of Prisoner,' was wholly disallowed and rejected by the board of supervisors at their regular session, as shown in plaintiff's petition, amounting to the sum of $538.50.

"3. Defendant alleges that the sum of $538.50 was allowed to Robert R. Kyd, the son of plaintiff, for the same period of time as jailer of said county, with plaintiff's knowledge and consent, and that said plaintiff is estopped from claiming the same thing for himself.

"Wherefore defendant asks that said action be dismissed at plaintiff's costs."

There is also a transcript of the record containing itemized accounts and the report of the board of supervisors, as follows:

"The committee on settlement with county officers reported and recommended the allowance of certain claims, among which were the following:

16. Robert Kyd, sheriff's fees and charges, third
   quarter '92 .......................................... $297 90
17. Robert Kyd, sheriff's fees and charges,
   fourth quarter '92.................................... 715 35
18. Robert Kyd, sheriff's fees and charges, first
   quarter '93 .......................................... 1,174 76
19. Robert Kyd, sheriff's fees and charges, second
   quarter '93 ....................................... 908 92

"It was moved by Supervisor Cully to adopt the report of the committee. It was moved by Supervisor Brown to amend by adopting the report with the exception of certain claims for discount. The amendment carried, and the question as amended carried.

"FRIDAY, July 14, 1893.

"It was moved by Supervisor Spencer that the county attorney be instructed to look over the bills allowed yesterday by the committee on settlement with county officers, and that he ascertain and report to this board if he finds, in his judgment, that there are any claims allowed which are not proper and legal. Carried.

"It was moved by Supervisor McClun that that part of the report of the committee on settlement with county officers relating to fees and salaries of county officers, deputies, and clerks, which were adopted yesterday, be reconsidered. Carried.

"It was moved by Supervisor McClun to refer those claims back to the committee on settlement with county officers for correction in accordance with the opinion of the county attorney. Carried.

" The committee on settlement with county officers made the following supplemental report:

"'We have examined the claims of officers, deputies, and clerks referred to us, and would recommend as follows: That the charge by Robert Kyd, sheriff, in his several bills for the custody of prisoners be disallowed, as follows: For custody of prisoners third quarter of 1892, $129; for same in fourth quarter of 1892, $138; for same in first quarter of 1893, $135; for same in second quarter of 1893, $136.50; and we further recommend that his bills be allowed at the following amounts: No. 16, at $168.90; No. 17, at $577.35; No. 18, at $1,039.76; No. 19, at $772.42.'

"On motion the report of the committee was adopted."

The principal question involved is the right of the plaintiff in error to recover as jailer.

Section 42, chapter 28, Compiled Statutes provides: "That in counties having over 25,000 inhabitants the county treasurer shall receive the sum of three thousand ($3,000) per annum, and shall be furnished by the county commissioners, the necessary clerks or assistants, whose combined salary shall not exceed the sum of two thousand four hundred ($2,400) dollars per annum. The sheriff shall receive the sum of two thousand five hundred ($2,500) dollars per annum, also the necessary jail guard and one deputy, and the salary of such deputy shall be nine hundred ($900) dollars per annum."

The sheriff is invested with the general control of the jail of his county, and is required by statute to visit it and examine into the condition of each prisoner at least once in each month and once during each term of district court. He is not required to act as jailer, however, unless he elect to act as such in person. He may appoint a deputy, who is required to take the necessary oath before entering upon the duties of his office. The county board of each county is invested with the general supervision of the jails, subject, however, to the rules and regulations prescribed by the

district court.    Taking these several provisions together, we find no authority for the allowance of a salary to either the sheriff or the deputy as jailer.    The jailer is allowed compensation for boarding and care of prisoners and for fuel, lights, washing, and clothing necessary for the comfort of state prisoners.    The county board ·of each county is required to provide suitable means for warming the jail and its cells or apartments, frames and sacks for beds, night buckets, and permanent fixtures and repairs as may be prescribed by the district judge.    The sheriff or jailer is to be paid a reasonable compensation for the board of prisoners committed to the county jail, and no discrimination is to be made between those committed for violation of the criminal laws of the state and the penal ordinances of the city, except that the city will be liable to the county for persons imprisoned under its ordinances. (*County of Douglas v. Coburn*, 34 Neb., 351.)    Where there are prisoners confined in the county jail he is entitled to one dollar and fifty cents per day, to be paid by the county.    As no allowance was made for this service in the court below, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.