JAMES M. DUNKEL, APPELLEE, V. HALL COUNTY,
APPELLANT.

FILED JUNE 13, 1911.  No. 16,453.

1. Counties and County Officers: SHERIFFS: COMPENSATION. Under the amendment in 1907 of the statute in relation to the compensation of sheriffs and their deputies (Comp. St. 1907, ch. 28, sec. 6a). the sheriff of a county having 16,000 to 20,000 population is entitled to receive a salary of $1,500 per annum, as full compensation for all services rendered and duties performed as sheriff, payable monthly by warrant drawn on the general fund of the county.

2. ——: ——: ——. And the county board shall furnish the sheriff with such deputies as they may deem necessary, and fix their compensation, which shall also be paid by warrant drawn on the general fund.

3. ——: ——: JAILERS. Section 13, ch. 46, Comp. St. 1907, recognizes a distinction between the duties of the office of sheriff and those of the position of jailer, and gives the sheriff the election to act as jailer in person; and, if the sheriff does not so elect, it provides that the jailer shall be a deputy appointed by the sheriff.

4. ——: ——: ——: COMPENSATION. And if the sheriff in such a county performs the duties of jailer, in addition to his duties as sheriff, he is entitled, not to extra compensation for the performance of his duties as sheriff, but to the compensation provided for the performance of the other duties as jailer.

5. ——: ——: ——: ——. But if such sheriff elects to have the duties of jailer performed by some other person, selected by the county board, and appointed by the sheriff as deputy, and the county pays the deputy for actually performing such services the full compensation provided therefor, the sheriff is not entitled to the fees allowed for services as jailer, as provided in section 5, ch. 28, Comp. St. 1907.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE.  *Reversed.*

*J. L. Cleary,* for appellant.

*R. R. Horth, W. H. Thompson* and *W. A. Prince, contra.*

FAWCETT, J.

Plaintiff filed with the county board of Hall county a claim for services as jailer from April 23, 1907, to January 5, 1909, at the rate of $1.50 a day; total, $934.50. The claim was disallowed by the board, and plaintiff appealed to the district court, where judgment was rendered in his favor for the full amount of his claim. The county appeals.

The evidence shows that the sheriff did not, during any of the time covered by his claim, reside in the jail or actually perform the duties of jailer, but that such services were performed by one Henry Mehlert for a portion, by Emil Schroeder for another portion, and by Harry Chesley for the other portion, of the time covered by the claim. The services were performed by these men under the supervision and direction of the plaintiff, who was sheriff of the county. The sheriff furnished the necessaries for the prisoners, such as food, bedding, etc., and was paid therefor. The three gentlemen named, in addition to cooking and caring for and looking after the prisoners and cleaning and caring for the jail and cells, also acted as firemen and utility men; that is to say, they attended to firing the furnaces which supplied the heat for the jail and courthouse, shoveled the snow from the walks in winter, and in summer cared for the lawn surrounding the courthouse and jail by mowing the grass and watering the same and by caring for and watering the flowers growing thereon. In all of this work they were assisted more or less by the prisoners in the jail. There were prisoners in the jail during all of the time covered by the claim, the number ranging from 1 to 25. In each instance these gentlemen first entered into a contract with the county board for a salary of $50 a month, which was paid by the board by warrants drawn against the general fund of the county, and in each case, after entering into the contract with the board, the plaintiff (sheriff) contracted with them to pay them an extra $10 a month, to compensate them for cooking for

the prisoners, and administered to each the oath as deputy sheriff. In addition to their salary, they were permitted to live in the jail, and were furnished their rent, heat and provisions free, the provisions being paid for by plaintiff. The question now presented is: Is the plaintiff, as sheriff, entitled to demand and receive from the county $1.50 a day for compensation as jailer, in addition to his salary as sheriff? The district court found that he was so entitled. Prior to April 6, 1907, the office of sheriff was what is termed a fee office, but the legislature of 1907 changed this office from a fee to a salaried office, and under the provisions of section 6a, ch. 28, Comp. St. 1907, fixed the salary of sheriff in counties having 16,000 to 20,000 population, which included defendant county, at $1,500 per annum, payable in monthly instalments at the end of each month by warrant drawn on the general fund of the county. By section 6b it is provided that the board of county commissioners or supervisors shall furnish the sheriff with such deputies as they may deem necessary, and fix the compensation of such deputies, who shall be paid by warrant on the general fund. Section 13, ch. 46 of the same statute, provides: "The jailer or keeper of the jail shall, unless the sheriff elect to act as jailer in person, be a deputy appointed by the sheriff, and such jailer shall take the necessary oath before entering upon the duties of his office; *provided*, the sheriff shall in all cases be liable for the negligence and misconduct of the jailer, as of other deputies." Section 5, ch. 28, fixes the fees to be charged by a sheriff for the performance of his duties as such, among which fees are: "For guarding prisoners when it is actually necessary, two dollars per day to be paid by the county. Where there are prisoners confined in the county jail, one dollar and fifty cents per day shall be allowed the sheriff as jailer. For boarding prisoners fifty cents per day," etc., and concludes as follows: "Provided further, that the sheriff shall, on the first Tuesday in January, April, July and October of each year, make a report to the board of county commissioners or supervisors under oath

showing the different items of fees except mileage collected or earned, from whom, at what time and for what service, and the total amount of fees collected or earned by such officer since the last report and also the amount collected or earned for the current year, and he shall then pay all fees earned to the county treasurer."

It is contended by defendant that under these provisions of the statute it was the intention of the legislature that the amount fixed as a salary "for their services" was intended to cover any and all services performed by such sheriff, and that all fees earned by him should belong to the county; and that if plaintiff were allowed the $1.50 a day as jailer's fees he would be required, under the terms of section 5, *supra*, to pay it over to the county treasurer. If that be a correct construction of section 5, then the sheriff would have to turn over all money collected by him for the 50 cents a day for boarding each prisoner, notwithstanding the fact that he had been obliged to previously advance his private funds in the payment for the provisions necessary for the furnishing of such board—expenditures which might eat up a very considerable portion of the salary allowed the sheriff for his services. We are unable to so construe this statute.

The other contention of defendant is not so easily disposed of, viz., that the sheriff in this case did not elect to act as jailer in person, as contemplated by section 13, ch. 46, *supra;* that the persons who performed the duties of jailer, as above set out, were duly sworn as deputies by the sheriff, and that the defendant board, as provided by section 6b, *supra*, fixed the compensation of such deputies at a sum in excess of $1.50 a day and duly paid them their salaries by warrants drawn upon the general fund. We think this contention is sound, and that the fact that these gentlemen, while acting as jailers, performed, with the assistance of the prisoners, other services for the county as utility men or firemen is immaterial. By section 13, ch. 46, *supra,* it is clear that the legislature recognized a distinction between the duties of the office of sheriff and

those of the position of jailer.   It gives the sheriff the election to act as jailer in person, if he sees fit so to do, in which case he would of course be entitled to the compensation provided for the performance of the duties of that position; but, if he elects to have the duties of jailer performed by some other person, to be appointed deputy sheriff, it certainly never was the intention of the legislature that the county should pay the deputy for actually performing such services, and also pay to the sheriff the fees allowed therefor.   If the sheriff performs the duties of jailer, in addition to his duties as sheriff, he is entitled, under the amendment of 1907, not to extra compensation for the performance of his duties as sheriff, but to the compensation provided for the performance of the other duties as jailer.

Plaintiff places great reliance in *Kyd v. Gage County*, 38 Neb. 131.   That opinion was handed down in 1893, at a time when the office of sheriff was a fee office, and what was there said is not applicable to the amendment of 1907. By that amendment a definite salary was fixed as full compensation for all services rendered and duties performed by a sheriff.   With that salary plaintiff must be content. He cannot receive his salary for services rendered, and also recover for services which he did not render.

Summed up, the case stands thus:   Plaintiff did not act as jailer.   The three gentlemen named acted in that capacity.   While they were selected by the board, they were sworn as deputies, and their services as jailer accepted by the sheriff.   They earned the fees as jailer.   The county paid them in full.   The sheriff did not perform the services as jailer, and hence is not entitled to the fees provided therefor.   The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.