JOHN H. AFFLERBACH, APPELLEE, V. YORK COUNTY, APPELLANT.

FILED APRIL 3, 1914.  No. 17,659.

1. Counties and County Officers: SHERIFFS: JAILERS. The law "recognizes a distinction between the duties of the office of sheriff and those of the position of jailer, and gives the sheriff the election to act as jailer in person; and, if the sheriff does not so elect, it provides that the jailer shall be a deputy appointed by the sheriff." See *Dunkel v. Hall County*, 89 Neb. 585.

2. ———: ———: ———: COMPENSATION. "And if the sheriff in such a county performs the duties of jailer, in addition to his duties as sheriff, he is entitled, not to extra compensation for the performance of his duties as sheriff, but to the compensation provided for the performance of the other duties as jailer." *Dunkel v. Hall County*, 89 Neb. 585.

3. ———: ———: ———: ———. The duties of a janitor of the courthouse and grounds, or of the person employed to provide food for prisoners, under a contract with the county board which does not require the person employed to act as jailer, can have no bearing on the right of the sheriff to compensation for acting as such jailer. The law makes it the duty of the sheriff to discharge the duties of jailer, unless he decides not to do so and a deputy is appointed upon whom the duty is devolved.

APPEAL from the district court for York county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*M. M. Wildman,* for appellant.

*Power & Meeker,* contra.

REESE, C. J.

This is an action against the county of York by a former sheriff of the county for the recovery of jailer's fees alleged to be due for services rendered from April 5, 1907, to and including January 5, 1910. Omitting the formal parts of the petition, it is alleged, in substance, that in 1905 plaintiff was elected to the office of sheriff, and on January 4 following he entered upon the discharge of his official duties; that he served throughout the term, and was re-

elected at the election in 1907, and continued to hold the office until January 5, 1910, or during the years 1908 and 1909; that throughout all of his service as sheriff he was the jailer of the county; that he collected fees due him from the beginning of his service to the 5th day of April, 1907, from which time he had not received compensation as such jailer. An itemized statement of the days when persons were confined in the jail is attached to the petition. The county answered, admitting the corporate existence of the county and the official character of plaintiff for the time alleged, but denying all other averments. A jury trial was waived, and the cause was tried to the court; the finding being in favor of plaintiff. Judgment was rendered against the county for the sum of $498 and costs. The county appeals.

It was shown by the evidence that plaintiff, by a re-election, held the office of sheriff for four years, beginning January 4, 1906, and ending January 5, 1910; that from the beginning of his service until April 5, 1907, he filed his claims for and was allowed his fees as jailer, but at a later date the sheriff's compensation was changed from the payment of fees collected to that of a definite salary, when, being advised by those with whom he conferred that the section of the statute granting jailer's fees was thereby repealed, he filed no further claims during his term of office. As we have held in *Dunkel v. Hall County,* 89 Neb. 585, that the statute allowing jailer's fees was not changed by the act making the sheriff's office a salaried one, we need not give the contention of defendant in that regard further consideration. In that case it is said in the third clause of the syllabus: "Section 13, ch. 46, Comp. St. 1907, recognizes a distinction between the duties of the office of sheriff and those of the position of jailer, and gives the sheriff the election to act as jailer in person; and, if the sheriff does not so elect, it provides that the jailer shall be a deputy appointed by the sheriff"—leaving it optional with the sheriff whether he will discharge the duties of jailer himself or by a deputy. It was held in that case that, if the sheriff "performs the duties of jailer, in addition to his

duties as sheriff, he is entitled, not to extra compensation for the performance of his duties as sheriff, but to the compensation provided for the performance of the other duties as jailer." To that extent, at least, the *Dunkel* case is decisive of this.

It appears that neither the sheriff nor his deputies resided in the jail building, which is the courthouse. Whether the arrangement of the building is such as to provide a residence for the jailer is not shown. It is shown that the county board employed a janitor, whose business it was to care for the whole building, occupying a part as a residence, cleaning and caring for the offices and halls, mowing the lawn, removing snow from the walks and sidewalks, as provided in' the written contract between the county and the janitor. Considerable time was occupied on the trial showing that the janitor complied with his contract, and occasionally assisted in cleaning up the jail under the direction of plaintiff. We cannot see that this line of evidence throws any light upon the issues in the case. Neither the sheriff nor the jailer was under any obligation to do the work of the janitor. The same can be said as to the matter of furnishing food to the persons confined within the jail. The law specially provides for this service and it is no part of the specific duties of the jailer. True, he may perform the service, if agreeable to the county board, and receive pay for it as provided by law, but it does not necessarily fall within his duties as jailer. The time spent upon the subject as to "who fed the prisoners" was time lost.

The statute (Rev. St. 1913, sec. 3541; Comp. St. 1911, ch. 46, sec. 13) provides: "The jailer or keeper of the jail shall, unless the sheriff elect to act as jailer in person, be a deputy appointed by the sheriff, and such jailer shall take the necessary oath before entering upon the duties of his office," etc. This leaves it optional with the sheriff as to whether he will discharge the duties of jailer himself, or place the burden upon a deputy. The word "elect," as used in the statute, means no more than the words "decide" or "choose" would mean, had either been used. No formality

of informing the county board of what he had decided to do is required. Time and labor have been unnecessarily spent upon the subject of "election" by plaintiff. The sheriff may act as jailer, or he may appoint a deputy to do so. If the former, he is entitled to the compensation. If the latter, the deputy is entitled to it. *Dunkel v. Hall County, supra.*

The most serious question involved is whether, under the law, plaintiff has shown that he performed the duties of jailer, or permitted others to do so without much of an effort on his part. He testified that, during the time for which the claim is made, he had general charge of the jail, kept the records, and had a general oversight of its management and of the prisoners confined therein; that he required the inmates to do the sweeping and other lines of manual labor about the jail, which was allowable, and would not of itself deprive plaintiff of the jailer's compensation. But it is shown that much of the control and management of the jail, the receipt and discharge of prisoners, was by the deputy sheriff, who had keys to the jail and often performed all the duties of a jailer. To the writer the evidence of plaintiff's right to recover is not entirely satisfactory, but we are reminded that the case was heard by a judge who resides within the county and city of York, and who for a number of years presided over the courts of that county, is familiar with the services rendered by plaintiff in his capacity of sheriff and jailer, is well acquainted with plaintiff and all the witnesses who testified, seems to have carefully examined the claim and disallowed those parts thereof to which plaintiff is clearly not entitled. The case is an action at law, and the decision upon questions of fact must be sustained unless clearly wrong.

The judgment is therefore

AFFIRMED.