PATRICK DORCEY, APPELLANT, v. THURSTON COUNTY, AP-PELLEE.

FILED DECEMBER 26, 1918.  No. 20266.

1. Appeal: ADMISSION OF EVIDENCE: PRESUMPTION. In a trial to a court without the intervention of a jury, the presumption is that only competent evidence is considered by the court, and if there is sufficient proper evidence to sustain the finding, the admission of other will not be considered prejudicial.

2. Officers: SHERIFFS: COMPENSATION OF JAILER. When a man is employed as jailer by the county board with the knowledge and

consent of the sheriff, and is permitted by that officer to have the keys of the jail, to care for the prisoners, and to perform most of the duties of a jailer, knowing that the county is paying for such, services, the sheriff is not entitled to the statutory jailer fee. *McFadden v. Cedar County*, 95 Neb. 318.

APPEAL from the district court for Thurston county. GUY T. GRAVES, JUDGE. *Affirmed.*

*Arthur F. Mullen,* for appellant.

*R. E. Evans* and *Archie M. Smith, contra.*

LETTON, J.

Plaintiff, who was sheriff of Thurston county from 1909 to 1913, presented a bill for $2,025 to the county board for jailer fees for the years 1909 to 1913 inclusive. The bill was disallowed and an appeal taken to the district court. An amended petition was filed, setting forth that the plaintiff acted as jailer during the years named; that prisoners were confined in the county jail during that period to the aggregate number of 960 days, and that he is entitled to recover the sum of $1.50 per day for said services, amounting in all to $1,440. The defendant denies the allegations of the petition as to the number of days prisoners were confined in the jail; denies that at any time during said years plaintiff acted as jailer, or performed the duties of jailer; and alleges that during all of these years one Thomas Head was employed and acted as jailer. It also pleads the statute of limitations as to claims accruing in the year 1909. The reply was a general denial.

A jury was waived, and the case tried to the court, which found there were prisoners confined in the jail during the years 1910, 1911, 1912 and 1913, to the total amount of 960 days, and that the portion of the claims accruing prior to February 3, 1910, is barred by the statute of limitations.

The court further found that Thomas Head, with the knowledge of plaintiff, was employed by the county board on September 23, 1910, as jailer and janitor, and

that ever since said date he has possessed the keys to the jail and performed the services of jailer, except for a few days on account of illness and absence on his part.

The court also found that in 1910 the plaintiff performed services as jailer for a total of 137 days, for which he was entitled to receive $205.50 with interest, and rendered judgment accordingly. Plaintiff appeals.

Errors are assigned as to the admission of certain evidence. In a trial to a court without the intervention of a jury, the presumption is that only competent evidence is considered by the court, and if there is sufficient proper evidence to sustain the finding, the admission of other will not be considered prejudicial.

The evidence sustains the finding as to the employment of Head by the county board. Head testifies that the sheriff spoke to him about being employed as jailer and janitor, said they were going to appoint one, and wanted to know if he would accept the position. He also testified that he did the janitor work, took care of the prisoners, had the keys of the jail, furnished food and water to the prisoners, and looked after light, heat and sanitary conditions; that the sheriff was frequently absent when there were prisoners in the jail; that he was never appointed jailer by the sheriff, never took oath as jailer, but looked to the sheriff for general directions as to his work at the jail. One of the county board testified that the employment of Head was with the knowledge and consent of the sheriff.

On the other hand, the sheriff denies knowledge of the resolution of the county board, and testifies that he acted as jailer, was in charge of and in control of the jail; that he had his office in the jail; that it was a building about 24 by 60 feet with a board partition between the cell rooms and the office; that the writs of mittimus were delivered to him, and whatever records were kept, were made by him, but also admits the rendition of services as testified to by Head. The sheriff had

no deputy, and while he was absent Head had entire charge of the jail and the prisoners. When he was on hand, Head still did all the work about the jail with the assistance of the prisoners. It is true he took no oath, had not been appointed by the sheriff, and there were some portions of the duties of a jailer that he did not perform, but at the same time, as the district court found, the sheriff knew that Head was being paid by the county to act as jailer, and that he was acting in that capacity. It would be manifestly unjust to allow plaintiff to draw compensation for services which the county was paying another man to render. If he expected remuneration, he should have performed the duties of the position, and protested or objected to any one else being appointed, or acting as jailer in any degree.

The court ascertained which portion of the time the plaintiff actually acted as jailer, and rendered judgment accordingly. We find no error therein.

AFFIRMED.

ROSE, J., not sitting.