ISAAC B. FLINT, IN BEHALF OF HIMSELF AND ALL PERSONS SIMILARLY SITUATED, APPELLANT, V. CLINTON J. MITCHELL ET AL., APPELLEES.

26 N. W. 2d 816

Filed April 11, 1947. No. 32212.

*William Niklaus,* for appellant.

*Max G. Towle, Farley Young, Frederick H. Wagener,* and *Herbert Ronin,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is a class action by Isaac B. Flint, a taxpayer of Lancaster County, Nebraska, in his own behalf and

all others similarly. situated, plaintiff and appellant, against Clinton J. Mitchell and others, county commissioners of Lancaster County, Nebraska, defendants and appellees, the purpose of which is to enjoin the defendants from the direction of payment out of the funds of the county to Myles Holloway, sheriff of said county, of a fee of $1.50 per day for the days when there are prisoners in the county jail, for acting as jailer.

A trial was had to the court which resulted in a decision denying the injunction prayed by the plaintiff. From this decision the plaintiff has appealed. He has assigned as error (1) that the trial court erred in finding and adjudging that the statutes give to a county sheriff more than $1.50 for services performed as jailer, and (2) that the trial court erred in finding and adjudging that a county sheriff, who does not perform in person all of the duties of jailer, is entitled to the special fee provided by statute.

The determination of the questions involved in this case depends upon the proper meaning, interpretation, and application of certain statutory provisions.

That the sheriff has charge of the county jail and is the custodian thereof and the prisoners therein, there is no question. § 23-1703, R. S. 1943; § 47-105, R. S. 1943.

It is also true that if in addition to his duties as sheriff he acts as jailer he is entitled to the fee provided therefor by section 33-117, R. S. 1943. See Afflerbach v. York County, 95 Neb. 611, 146 N. W. 1050.

In this connection the plaintiff makes two contentions the gist of which are: First, the sheriff does not within the meaning of the law and under the facts act as jailer; and second, that if he does he is entitled only to $1.50 for the entire service rather than $1.50 per day the rate of pay sought to be enjoined in this action.

On the first question the plaintiff insists that the sheriff does not act as jailer since he does not perform

all of the duties and functions incident to the position himself; that he has one man called by him chief jailer and that he has other assistance which assistance is paid for by the county. The facts as to assistance are not disputed.

However, the defendants say that the sheriff has occupied living quarters in the jail since the commencement of his tenure; that he has at all times exercised complete control of the jail and supervision of those employed to assist him; that jail feeding has been under his control; and that when he has not been actually on duty he has been subject to call. These facts find full support in the record. These facts, defendants say, show that the sheriff at all times also acts as jailer.

Our attention is not directed by plaintiff to any authorities the effect of which is to say that a sheriff in order to be considered as acting as jailer and entitled to receive the fees as such must personally perform all of the duties of such position. The statute imposes no such requirement. The case of Dorcey v. Thurston County, 103 Neb. 43, 170 N. W. 499, is not in point on this question. There the board of county commissioners had appointed a jailer with knowledge of the sheriff. The court held under those circumstances that the sheriff was not entitled to the fee.

The case of Dunkel v. Hall County, 89 Neb. 585, 131 N. W. 973, was a case where the sheriff did not act as jailer. The jailer service was performed under contract with the county by others.

Here the sheriff is in actual charge as jailer. He is in full charge of the jail and all of the service performed in connection therewith.

It would be unreasonable to say that it was the legislative intent in the enactment of the statute permitting the sheriff to act as jailer that he could not so act unless he could or did perform all of the duties incident to the function in order to be able to collect the fee or fees provided by statute for the service.

Where in the very nature of things it was not contemplated that the function should be performed without assistance it cannot reasonably be said that the holder of the directive position cannot have the emoluments of the position unless he performs all of the duties himself.

The Kansas Supreme Court in Day v. Board of County Commissioners, 146 Kan. 492, 71 P. 2d 871, we think, expressed the proper attitude to be adopted in the present instance, as follows: "The contention the sheriff is not entitled to the services and furnishings enumerated in questions (c) and (d), merely because he does not perform all the tasks incident to the operation of the jail, is not in harmony with legislative intent nor with a practical view concerning the performance of 'his numerous statutory duties. Were he required to give attention to all the detailed duties of a night jailer, he would be unavailable for the various police duties which demand the prompt attention of an efficient sheriff at night and physically and mentally unfit to properly perform the functions of his office in the day time."

We hold that the record discloses that Myles Holloway, sheriff, is also jailer of the county jail of Lancaster County, Nebraska, within the meaning of the statutes and that he is entitled to the emoluments provided for that service by statute. Afflerbach v. York County, *supra,* supports the view that we here take.

We come now to the question of the emolument to which he is entitled. It is true, as appellant contends, that prior to 1915 the statute providing for pay of sheriff acting as jailer contained the words "one dollar and fifty cents per day shall be allowed the sheriff as jailer." See § 2441, Rev. St. 1913. It is also true that the statute was amended by Laws 1915, ch. 37, § 1, p. 106, and again by Laws 1921, ch. 102, § 1, p. 371, and that the statute thus amended appears as section 33-117, R. S. 1943. It is further true that the

words "per day" were left out of both amendments.

The proposition of law set forth in the brief upon which plaintiff relies to support his contention that Myles Holloway, sheriff, is entitled to only $1.50 rather than that amount per day does not properly or correctly reflect the statute in its present form. The proposition is set forth as the quotation of a complete sentence as follows: "Where there are prisoners confined in the county jail, one dollar and fifty cents shall be allowed the sheriff as jailer." These words do appear in the statute but they do not appear as a sentence but only as a part of a sentence. The complete sentence will not be quoted because of its great length.

It will be noted, however, on examination that immediately preceding that which appellant sets forth as a complete sentence and separated from it only by a semi-colon appear the following words: "* * * for guarding prisoners when it is actually necessary, two dollars per day, to be paid by the county; * * *." It becomes clear that to find the legislative intent it becomes necessary to read these parts of the sentence together as follows: "* * * for guarding prisoners when it is actually necessary, two dollars per day, to be paid by the county; where there are prisoners confined in the county jail, one dollar and fifty cents shall be allowed the sheriff as jailer; * * *." Thus read and reasonably applied no conclusion can be arrived at except that the Legislature intended that the words "per day" of the first of the two clauses should be supplied in the second.

Also this is the interpretation which has been placed upon this provision by the board of county commissioners of Lancaster County, Nebraska, as is disclosed by the record. This interpretation, of course, is not conclusive on the question of the proper determination to be given to the wording of this statute but it is entitled to consideration.

This board is an administrative body set up under provisions of the laws of Nebraska.

It is a well-settled principle of statutory interpretation that where an administrative body is set up under law with legal regulations likewise set up for their guidance, their interpretation upon which they have acted, though not necessarily controlling, should be given weight.

In Rohrer v. Hastings Brewing Co., 83 Neb. 111, 119 N. W. 27, it was said: "Long-continued practical construction of a statute by the officers charged by law with its enforcement is entitled to considerable weight in interpreting that law." This statement of principle was approved in Laub v. Furnas County, 104 Neb. 402, 177 N. W. 749, and again in State ex rel. Western Bridge & Construction Co. v. Marsh, 111 Neb. 185, 196 N. W. 130.

Bearing in mind this rule and the fact, as disclosed by the record, that the board of county commissioners of Lancaster County, Nebraska, for a long period of time, paid the sheriff $1.50 per day as jailer, obviously thus interpreting the requirements of the statute, and bearing in mind the apparent intent of the Legislature from the relation of clauses in the statute to cause the words "per day" of the first quoted clause to apply to the second quoted clause, we have concluded that the decision of the district court on the issues presented was correct.

The decree of the district court is affirmed.

AFFIRMED.

CARTER, J., participating on briefs.