STATE OF NEBRASKA EX REL. MARLIN LANDANGER, APPELLANT, V. MADISON COUNTY BOARD OF COMMISSIONERS, AND PAUL TERRY, HAROLD SEILER, AND LOUIS BARRY, APPELLEES.

327 N.W.2d 93

Filed December 10, 1982. No. 81-594.

Walter H. Radcliffe and Ronald Albin, for appellant.

David A. Domina, for appellees.

James H. Moylan of Garvey, Nye, Crawford, Kirchner & Moylan, for amici curiae Adams County et al.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

This appeal involves the single question of whether the increase in fees as provided for in the amendment to Neb. Rev. Stat. § 33-117 (Reissue 1978), adopted by the Nebraska Legislature (1980 Neb. Laws, L.B. 628), which increased from $3 to $10 per day the fees to be paid by the county to the sheriff

as jailer when there are prisoners confined in the county jail, may be collected by the appellant, Marlin Landanger, the sheriff of Madison County, Nebraska, during his existing term as sheriff. The sheriff maintains that the increase in fee is due and owing to him as jailer, and not as sheriff. The county board, on the other hand, refuses to pay the increase, maintaining that such fee is compensation and, as such, cannot be increased during the course of the sheriff's term of office, as prescribed by the provisions of Neb. Const. art. III, § 19. The trial court agreed with the county board and found that the increased fee should not be paid. We believe that the trial court was in error in that conclusion, and we reverse the decision of the trial court and remand the action back to the trial court with directions.

Strange as it may seem, this is not the first time this precise question has been presented to this court. It appears that the specific question has been presented to the court on at least three other occasions. See, *Dunkel v. Hall County,* 89 Neb. 585, 131 N.W. 973 (1911); *Afflerbach v. York County,* 95 Neb. 611, 146 N.W. 1050 (1914); *Flint v. Mitchell,* 148 Neb. 244, 26 N.W.2d 816 (1947).

The determination of the question presented in part turns upon the application of article III, § 19. Article III, § 19, in relevant part provides as follows: "[N]or shall the compensation of any public officer, including any officer whose compensation is fixed by the Legislature, be increased or diminished during his term of office . . . ." If, indeed, the position of jailer, for which the increased fees are to be paid to the sheriff as provided for by § 33-117 (Cum. Supp. 1982), is a public office having a fixed term and is included within the provisions of article III, § 19, then the county board's position is correct. On the other hand, if the position of jailer is separate and apart from that as sheriff and, as such, has no fixed term

and is therefore not within the meaning of article III, § 19, the sheriff is correct.

Section 33-117 provides in part as follows: "The several sheriffs shall charge and collect fees as follows: . . . where there are prisoners confined in the county jail, ten dollars shall be allowed *the sheriff as jailer* . . . ." (Emphasis supplied.)

The use of the phrase "sheriff as jailer" is not mere surplusage, for Neb. Rev. Stat. § 47-115 (Reissue 1978) specifically provides for the position of jailer. That section provides: "The jailer or keeper of the jail shall, unless the sheriff elects to act as jailer in person, be a deputy appointed by the sheriff, and such jailer shall take the necessary oath before entering upon the duties of his office; *Provided,* the sheriff shall in all cases be liable for the negligence and misconduct of the jailer, as of other deputies." It is clear from a reading of the statutes that the office of sheriff and the office of jailer are separate and apart, although the sheriff may, if he elects, act as jailer. Furthermore, it is obvious from the clear reading of the quoted section that the office of jailer does not have a term either coextensive with the sheriff or separate and apart. Rather, the jailer is "appointed by the sheriff" and therefore can be removed by the sheriff. The sheriff may elect to serve as jailer during a portion of the time he is sheriff and may appoint a deputy to serve as jailer during the rest of the time. It was for that very reason that in the *Dunkel* case we acknowledged that the Legislature obviously recognized a distinction between the duties of the office of sheriff and those of the position of jailer, and why in *Afflerbach* at 612-13, 146 N.W. at 1050, we specifically held: " 'Section 13, ch. 46, Comp. St. 1907, recognizes a distinction between the duties of the office of sheriff and those of the position of jailer, and gives the sheriff the election to act as jailer in person; and, if the sheriff does not so elect, it provides that the jailer shall be a deputy appointed by the sheriff'—leaving

it optional with the sheriff whether he will discharge the duties of jailer himself or by a deputy. It was held in that case that, if the sheriff 'performs the duties of jailer, in addition to his duties as sheriff, he is entitled, not to extra compensation for the performance of his duties as sheriff, but to the compensation provided for the performance of the other duties as jailer.' "

The county board argues that whatever we may have held prior to the 1920 Constitutional Convention, the convention changed the language of the Constitution and therefore overruled the earlier decisions holding to the contrary. That argument, of course, has no basis for at least two reasons. In the first instance the amendments to the Constitution and, in particular, article III, § 19, did not address the issue of jailer, nor were the predecessors to § 47-115 amended. Furthermore, the *Flint* case, which upheld the right of the sheriff to receive an increase in jailer fees as jailer during his term of office, was decided in 1947, long after the 1920 convention. In *Flint* we specifically said at 245, 26 N.W.2d at 818: "It is also true that if in addition to his duties as sheriff he acts as jailer he is entitled to the fee provided therefor by section 33-117, R.S. 1943." For these reasons, therefore, we hold that the duty of jailer, which may be performed by a sheriff pursuant to § 47-115 and for which he is entitled to receive payment at the rate of $10 per day for each day there are prisoners in jail, pursuant to the provisions of § 33-117, is separate and apart from his duties as sheriff and is not covered by article III, § 19. The jailer does not have a term and, while he may be a public officer, he is not precluded from receiving fees increased by the Legislature. For that reason the Legislature may increase or decrease the fee to be received by the sheriff acting as jailer, or anyone else acting as jailer, whenever it chooses and, when so acting, it becomes effective as provided by the Legislature. The judgment of the Dis-

trict Court is reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.