REQUESTED BY: Thomas F. Dorcey, Dixon County Attorney.
May a county sheriff receive an amount paid by the county, in addition to a sheriff's salary, to act as jail administrator and to fulfill all of the service requirements of a county jailer?
No.
You have inquired whether a county sheriff may be paid an amount, in addition to his salary as county sheriff, to function as the county jailer. We begin with the general proposition that no public officer may receive an increase in compensation during his term of office. Constitution of the State of Nebraska, Article III, Section 19.
We must first determine for what duties a county sheriff is normally compensated. Neb.Rev.Stat. § 25-2217 (Reissue 1979) provides: `The sheriff shall exercise the powers and perform the duties conferred and imposed upon him by other provisions of this code, by other statutes, and by the common law.' Neb.Rev.Stat. § 23-1703 (Cum.Supp. 1982) provides:
 Except in counties having a population of one hundred fifty thousand or more inhabitants, the sheriff shall have charge and custody of the jail, and the prisoners of the same, and is required to receive those lawfully committed and to keep them himself or herself, or by his or her deputy jailer, until discharged by law.
Neb.Rev.Stat. § 47-115 (Reissue 1978) provides:
 The jailer or keeper of the jail shall, unless the sheriff elects to act as jailer in person, be a deputy appointed by the sheriff, and such jailer shall take the necessary oath before entering upon the duties of his office. . .
From the foregoing, it is clear the Legislature has placed general responsibility for county jails (see, Neb.Rev.Stat. § 47-117 (Reissue 1978)) squarely among the duties and responsibilities of the office of county sheriff. Although recent legislation has shifted certain financial responsibilities for jail operations from the county sheriff to the county board (see Neb.Rev.Stat. § 47-120 (Cum.Supp. 1982)), that legislation has in no respect altered the responsibility of the county sheriff for the administration of the county jail.
An earlier version of § 47-115 was reviewed in Dunkelv. Hall County, 89 Neb. 585, 131 N.W. 973 (1911). The question presented in that case was whether a county sheriff could receive the statutory fee to be paid the sheriff for keeping prisoners in addition to his salary as sheriff.
 It is clear that the legislature recognized a distinction between the duties of the office of sheriff and those of the position of jailer. . . . If the sheriff performs the duties of jailer, in addition to his duties as sheriff, he is entitled, under the amendment of 1907, not to extra compensation for the performance of his duties as sheriff, but to the compensation provided for the performance of the other duties as jailer.
Id. at 589. However, statutory fees for the responsibilities of jailer have since been eliminated. Neb.Rev.Stat. 33-117, § 47-118 et seq. (Cum.Supp. 1982). Furthermore, Neb.Rev.Stat. § 23-1114.08 (Reissue 1977) enacted in 1961 provides: `When the same person occupies more than one office in the same county, he shall receive only one minimum annual salary.' The position of jailer is a public office.Scott v. Scotts Bluff County, 106 Neb. 355, 183 N.W. 573
(1921).
Any expenses incurred in the operation of the county jail, whether for improvements, maintenance or personnel, may be included in the county's budget for jail operations or the budget of the sheriff's office, but do not justify direct or indirect enhancement of the sheriff's income. Therefore, in our opinion, the salary paid the county sheriff cannot be increased during his or her term to cover the expenses of operating a county jail nor may the county sheriff be compensated as an independent contractor for acting as county jailer.
Yours truly, PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General