REQUESTED BY: Mark B. Horton, N.D., M.S.P.H. Director, Nebraska Department of Health
You have requested our opinion on several questions involving Neb. Rev. Stat. 71-5830 (1) (1994). This statute, one of the provisions of the Nebraska Health Care Certificate of Need Act, sets out the activities for which a certificate of need review is required. We will respond to each of your questions in turn.
 1. Whether the change in sponsorship of a nonprofit corporation, holding title to a health care facility is an "acquisition" under 71-5830 (1)?
Neb. Rev. Stat. 71-5830 provides, in pertinent part, as follows:
 No person, including persons acting for or on behalf of a health care facility, shall engage in any of the following activities without having first applied for and received the necessary certificate of need:
 (1) The development, construction, acquisition, lease, or other establishment of a health care facility, including purchasing or obtaining controlling interest in the stock of a health care facility by any means. For the purposes of this section, controlling interest shall mean a majority of the voting rights of the shares of stock entitled to vote. The proposed lease, acquisition, or purchase of an existing health care facility shall be subject to this subdivision unless. . .
As stated in your opinion request, the Sisters of St. Francis sent a request to the Department on April 26, 1995, seeking a determination pursuant to Neb. Rev. Stat. § 71-5836.02 (1990) that their proposed transaction would not require a certificate of need review. The Sisters of St. Francis are currently the "canonical sponsors' for certain nonprofit corporations which hold title to six Nebraska health care facilities. The Sisters of St. Francis plan to transfer the canonical sponsorship of these health care facilities to the Sisters of Charity of Cincinnati, Ohio. According to the facts presented by counsel for the Sisters of St. Francis, the Sisters of Charity will not purchase the local nonprofit corporations or their assets. However, the Sisters of St. Francis will receive a substantial sum from the Sisters of Charity, in part, as payment for certain intangible assets and rights reserved to the sponsor.
Our review of the written agreements concerning the transfer of sponsorship from the Sisters of St. Francis to the Sisters of Charity reveals that the powers reserved to the canonical sponsor may include approval of the appointment of the chief executive officer of a health care facility, approval of the acquisition, encumbrance or disposition of assets of the local health care facilities, approval of the budgets of certain health care facilities, the appointment of the trustees and directors of certain health care facilities and approval of certain amendments to the articles of incorporation and bylaws of the local health care facilities.
The Department of Health reviewed the information provided by the Sisters of St. Francis and concluded that the transfer of canonical sponsorship was an acquisition for which certificate of need review was required because effective control of the health care facilities in question would pass from one independent entity to another. The Sisters of St. Francis have asserted that the transfer of canonical sponsorship and the associated reserved powers does not constitute the acquisition of a health care facility as that term is used in Neb. Rev. Stat. § 71-5830
(1). The Sisters of St. Francis have subsequently filed an application for certificate of need with the Department of Health.
We first note that § 71-5830 states that no person shall engage in certain activities without receiving the necessary certificate of need. "Person" is defined at § 71-5822 (1994) to mean "an individual, a trust or estate, a partnership, a corporation, including associations, joint-stock companies and insurance companies, a state, a political subdivision or instrumentality, including a municipal corporation of a state, or any legal entity recognized by the state." Therefore, it is clear that nonprofit charitable corporations are subject to the Certificate of Need Act ("Act").
Your question concerns the meaning of the term "acquisition." We note that the word acquisition is not defined within the Act. It is our understanding that the long-standing interpretation of the Department of Health is that acquisition includes a change in control of either a for profit or nonprofit corporation. It is a well-settled principle of statutory interpretation that the interpretation given to a statute by an administrative agency to which the statute is directed should be given considerable weight. Flint v. Mitchell, 148 Neb. 244, 26 N.W.2d 816 (1947); InRe Application No. 5218 v. Bejot, 170 Neb. 257, 102 N.W.2d 416
(1960).
After careful consideration, we find no reason to dispute the agency's interpretation of § 71-5830 (1). We note that the legislature refers to both acquisitions and purchases within the statutory provision which indicates that the Legislature did not consider the term "acquisition" to include only purchases. The Department's interpretation is also consistent with the purpose of the Nebraska Health Care Certificate of Need Act as expressed in Neb. Rev. Stat. § 71-5802 (1990). Legislative concerns about the unnecessary duplication of facilities, the quality of health care provided, and the cost and accessibility of health care to all citizens could be impacted by a change in control of a health care facility as well as by the change in legal ownership of the assets of that health care facility.
 2. Whether the phrase "including purchasing or obtaining controlling interest in the stock of a health care facility by any means," has the effect of excluding from Certificate of Need Review any transfer of interest in a health care facility that does not involve shares of stock?
In your opinion request, you state that the Sisters of St. Francis have referred to a prior informal opinion of the Attorney General dated July 5, 1983, as support for its assertion that an acquisition must include a transfer of legal title to the assets of a corporation. That informal opinion addressed a specific question from the Department of Health relating to for profit corporations and the purchase of stock. We do not find that opinion pertinent to your current inquiry.
Our review of the legislative history of § 71-5830 (1) reveals that the Legislature responded specifically to that opinion when it amended the statutory provision in 1984 and added the language "including purchasing or obtaining controlling interest in the stock of a health care facility by any means." It is our opinion that the Legislature wished to clearly indicate that a change in the controlling interest in the stock of a health care facility was subject to certificate of need review. However, we have no reason to believe that the Legislature was attempting to define the term "acquisition" with this amendment or that the Legislature intended to restrict certificate of need review to only those acquisitions involving the purchase of stock. As stated earlier, the "persons" subject to the Act include all corporations, not just for profit corporations. Section 71-5822 (1990).
 3. Even if the change in sponsorship of a nonprofit corporation is an "acquisition" under § 71-5830 (1), whether the transaction is nevertheless exempted from review under the Act by § 71-5830 (1)(d)?
Neb. Rev. Stat. § 71-5830 (1)(d) provides that a proposed lease, acquisition, or purchase of an existing health care facility is subject to certificate of need review unless it concerns:
 a transfer to the spouse or lineal descendants of the owner or controlling shareholder or to a corporation, general partnership, limited partnership, or limited liability company directly or indirectly controlled by the owner or his or her spouse or lineal descendants, or any combination of such individuals and the transfer will not result in any increased reimbursement for capital costs by any governmental reimbursement or health care insurance program.
This exemption of a transfer from an owner to a corporation directly or indirectly controlled by the owner appears to have no application here. It is our understanding that the Sisters of St. Francis and the Sisters of Charity are two separate religious orders. You have presented no information that would lead us to believe the proposed sponsor, the Sisters of Charity, is directly or indirectly controlled by the current sponsor, the Sisters of St. Francis. We conclude that the transfer of the canonical sponsorship from one religious order to another is not exempt from review pursuant to § 71-5830 (1)(d).
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
Approved By:
Don Stenberg 
Attorney General