MILTON R. ILER, APPELLEE, V. MERRICK COUNTY, APPELLANT.

FILED MAY 4, 1914. No. 17,764.

1. **Sheriffs:** COMPENSATION AS JAILER. The sheriff of a county, who performs the duty of jailer in addition to his duties as sheriff, is entitled to the compensation provided for the performance of that duty while there are prisoners confined in the county jail. *Dunkel v. Hall County,* 89 Neb. 585.

2. ———: OCCUPANCY OF COUNTY JAIL: LIABILITY FOR RENT. Where the sheriff is required to occupy the rooms in the second story of the county jail under a resolution of the county board requiring him to pay the sum of $50 a year for fuel and lights, and has paid that sum according to the terms of the resolution, he is not liable to the county for rent for the use of the county jail. .

3. **Trial:** DIRECTING VERDICT. Where there is no conflict in the evidence on the issues joined in an action, it is proper for the trial court to direct a verdict in accordance with the facts.

APPEAL from the district court for Merrick county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*W. H. C. Rice* and *Patterson & Patterson,* for appellant.

*W. H. Thompson, Elmer E. Ross* and *H. F. Allen,* contra. ·

BARNES, J.

On the 11th day of July, 1911, the plaintiff filed his claim with the board of supervisors of Merrick county for $1,261.50, for fees which he claimed were due him as jailer of said county from January 9, 1908, to the 11th day of July, 1911; and on the 17th day of August, 1911, he filed with the board of supervisors an additional bill for the sum of $57 as jailer's fees from the 11th day of July, 1911, to the 17th day of August, 1911. At a regular meeting of the board of supervisors of said county on the 19th day of August, 1911, his claims were wholly rejected and disallowed. Whereupon plaintiff appealed from the action of the board to the district court for Merrick county, and filed

his petition in said court, setting forth the fact that he was elected sheriff of Merrick county for the term commencing January 9, 1908; that as sheriff he performed the duties of jailer of said county from the 9th day of January, 1908, to the 10th day of July, 1911, inclusive; that during said time prisoners were confined in the jail of said county for 841 days, and he was entitled to have and recover from the county the sum of $1.50 a day during all of said time; that on the 11th day of July, 1911, plaintiff filed a verified account with the clerk of said county, claiming that there was due him the sum of $1,261.50; that the board disallowed the said claim. It was further alleged that the plaintiff filed a second claim with the county board for services rendered as jailer for an additional 38 days; that there was due therefor the sum of $57, which was also disallowed, and that there was justly due from the county to the plaintiff for said services the sum of $1,318.50, with interest thereon from the 18th day of August, 1911, for which sum the plaintiff prayed judgment.

The defendant filed an answer, denying each and every allegation contained in plaintiff's petition, and alleged that on October 24, 1911, the plaintiff was justly indebted to the defendant in the sum of $1,080, as reasonable rent for the jail of said county, including lights and fuel; that the upper story of the jail of said county belonged to and was owned by the defendant county; that it was used and occupied as a residence by the plaintiff, and that plaintiff impliedly agreed to pay the defendant county the said sum of $1,080 for the use of the upper story of said jail building. Defendant further alleged that the plaintiff was indebted to it in the sum of $54 for certain fees earned and collected by the plaintiff as sheriff of said county which he had not accounted for as required by law, and had wrongfully and unlawfully converted that sum to his own use; that no part of said sums of $1,080 and $54 had been paid, and that there was now due and payable to the defendant county the said sums of money aforesaid. It was further alleged that the plaintiff was indebted to the county in the sum of $300 for back fees and rewards col-

lected by the plaintiff while acting as sheriff of said county; that defendant county was unable to itemize the said accounts because the sheriff had kept no record of said rewards.

The plaintiff filed a reply to defendant's answer in which he admitted that the jail referred to in defendant's answer was the property of said county and alleged that during all of the time said plaintiff was the sheriff of said county he and his family occupied the upper rooms of the jail building; that the fuel and lights were furnished in pursuance and by virtue of a resolution of the board of supervisors of said county wherein it was provided that the compensation to be paid by plaintiff for fuel and lights was the sum of $50 per annum, and that plaintiff had duly paid the same; that the upper rooms of said jail building were occupied by plaintiff by virtue of his rights, powers and duties as sheriff and ex officio jailer of the county, so that he might give the necessary and proper care to the building and the prisoners confined therein, and better perform his other duties pertaining to said office. The plaintiff specifically denied the right of any other person or persons to use or occupy any part of the jail building while he was sheriff, and denied the right of said board of supervisors to determine who should occupy the upper rooms of said jail building during the time plaintiff was acting as sheriff of the said county, and denied all of the other allegations of the answer.

On the issues thus joined the cause was tried to a jury, and after the introduction of all of the evidence the judge of the district court directed the jury to return a verdict for the plaintiff and against the defendant county for the sum of $1,264.50. A motion for a new trial was overruled, judgment was rendered on the verdict, and the defendant county has appealed.

There is no conflict in the evidence. It appears beyond question that the plaintiff was the sheriff of Merrick county during the time mentioned in his petition; that there were prisoners in the jail of said county for the number of days stated therein. It is also conceded that the plain-

tiff had no deputy, and had never appointed any one to act as jailer of the county, but had performed the duties of jailer during all of his terms of office, with some trifling assistance from the janitor of the courthouse or "roust-about" who was engaged in that work; that the county has never paid any other person for performing the duties of jailer. It follows that, the sheriff having elected to serve the county in that capacity, he was entitled to compensation therefor at the rate of $1.50 a day while the jail was occupied by prisoners. This case falls squarely within the rule of *Dunkel v. Hall County*, 89 Neb. 585.

It is contended, however, that the sheriff must, by some affirmative action on his part, elect to perform the duties of jailer. It appearing that the sheriff never appointed a deputy or jailer, but performed those duties himself, his conduct amounted to an election, and that contention is not well founded.

We come now to the consideration of the defendant's claim for rent of the upper story of the jail with which it sought to charge the plaintiff. It appears that the defendant county had constructed a jail which was a building separate and apart from the courthouse. The lower story of the building was fitted up in a suitable manner for the confinement of prisoners, and the upper story was constructed for a sheriff's office, with rooms which the sheriff was required to occupy with his family in order that he, as jailer, might be in close touch with the prisoners, he being responsible for their safe-keeping, including their board; that by resolution the county board required the sheriff to pay the sum of $50 a year for lights and fuel, and that sum had been paid by the plaintiff. As we view this matter, such payment was a complete discharge of any liability to the county for rent, on plaintiff's part. It follows that the defendant was not entitled to recover on its claim for rent of the jail building.

It also appears that there was a small amount of fees which plaintiff had not accounted for and paid over to the county treasurer. This sum was deducted by the court from the plaintiff's claim, and the jury were properly di-

rected to return a verdict for plaintiff for the balance due him, amounting to $1,264.50.

We find no error in the record, and the judgment of the district court is

AFFIRMED.

FAWCETT, SEDGWICK and HAMER, JJ., not sitting.