ELMER BEEM ET AL., APPELLANTS, V. ESSIE E. DAVIS ET AL., APPELLEES.

FILED NOVEMBER 16, 1923. No. 22567.

Judgment: DEFAULT: SETTING ASIDE. While ordinarily the negligence of an attorney in failing to protect the interests of his client, by filing pleadings in proper time and in preventing default judgments, is imputed to the client, there may be special circumstances in such a case which will render it erroneous for a court to refuse to set aside a default judgment and let the parties against whom such judgment has been rendered in to defend.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Reversed on condition.*

*Holmes, .Chambers & Mann,* for appellants.

*James C. Quigley* and *J. J. Harrington, contra.*

Heard before MORRISSEY, C. J., LETTON and 'DAY, JJ., REDICK, District Judge.

LETTON, J.

A suit was begun by the defendants in this proceeding on the first of June, 1920, against the plaintiffs herein to restrain and enjoin them from constructing ditches to drain a body of water known as Felts lake situated in Cherry county. The petition charges that, if the defendants (now plaintiffs) completed the work of digging the ditches they were then at work upon, it would cause large volumes of water to be thrown out of their natural courses over the

Beem v. Davis.

hay and meadow lands of the petitioners to their great and irreparable damage. Summons was duly served. At the November, 1920, term of court in that county, defendants in the suit being in default of pleading, testimony was taken and a decree rendered perpetually enjoining the plaintiffs here from proceeding to drain the lake. On January 14, 1921, at a subsequent term of court, the plaintiffs herein filed a petition praying that the default judgment be set aside and that they be let in to defend. A summary statement of the allegations of their petition is that immediately after the service of the summons in June, 1920, a firm of lawyers at Broken Bow, Nebraska, was engaged by one of the defendants, who was authorized to act for the others, to represent them; that the attorneys accepted the employment and informed plaintiffs they would do all that was necessary to protect their rights and interests in the suit; that from letters and personal visits from that time until November 29, 1920, plaintiffs believed that these attorneys were carefully looking after their interests; that on November 29, on visiting the office of their lawyers, the party who had employed them was informed by the attorneys that they had sent a telegram to the judge of the district court before whom the suit was pending, and had arranged for further time to file the answer; and also that the case would be set down for trial and hearing at a future date, and that the attorneys had arranged for a future date. The answer was then verified by him and left with the attorneys to file. Depending upon their counsel to notify them, they paid no further attention to the case. They lived many miles from the county seat of Cherry county and many miles from Broken Bow. They allege that they have suffered great misfortune and unavoidable casualty on account of the action and statements of the attorneys; that they have a complete defense, and that an irreparable injustice will result to them in case the default judgment is not set aside. They tender an answer which alleges that the lake or lagoon in controversy is filled with surface water; that in dry years it is dry, and in ordinary years it is dry

except in the springtime; that the general course of drainage of the land is to the south and southeast, and when the water overflows from the lake or lagoon it flows through a natural depression or water-course to the Middle Loup river; that the ditch which defendants intend to dig is wholly upon the lands of the defendants, and the water discharged will join a natural water-course to the Middle Loup river.

A demurrer was filed to this petition. The demurrer was sustained and the case dismissed.

Appellants insist, first, that the original petition to restrain the draining of the lake does not state a cause of action; and, second, that the petition filed by them for a new trial states sufficient grounds, when considered together with the answer tendered, to require the court to set aside the default judgment and allow them in to defend. It has been the general rule that a party will not be permitted to plead the default of his attorney as unavoidable casualty or misfortune which will justify a court in setting aside a judgment rendered at a former term. But there are instances of default by attorneys which seem to create a peculiar hardship, and where the petitioner is not at fault, in which a court will in furtherance of justice and equity set aside such a judgment and permit a defense to be made. Do the facts in this case warrant such relief? The drainage and reclamation of swamps or ponds is a matter advantageous to the state and the public at large. *Todd v. York County*, 72 Neb. 207; *Aldritt v. Fleischauer*, 74 Neb. 66. On the other hand, the preservation of large bodies of water which form refuges for wild fowl and afford places for sport and recreation is also a matter of public concern. This has been recognized by the legislature in the enactment of sections 8480-8486, Comp. St. 1922. If it is desired to drain natural or perennial lakes, exceeding 20 acres in extent at low water, application must be made to the department of public works for a permit to do so. If the permit is refused the applicant may appeal to the district court. If the body of water is not a natural or peren--

nial lake,. and defendants herein are only slightly damaged by its drainage through a natural waterway, as alleged, the rule in *Todd v. York County* and *Aldritt v. Fleischauer,* *supra,* applies, and the owner may drain into a natural waterway upon his own land, using reasonable care not to damage the lower lands. But, if the lake belongs in the other category, then the injunction should be allowed, because plaintiffs have not applied for a permit to drain it as the statute requires. This question is one of fact which must be determined from evidence.

The allegations of the petition as to due diligence are not of the strongest character, and yet we can see that a person residing in a sparsely settled country, about 200 miles away from his attorney, with only long and circuitous railroad communications, may be entitled to greater latitude than one living under different circumstances; and what would be negligence in the one case would not be so in the other.

While the matter of setting aside such a default is within the discretion of the district court, the case is of such an important nature that we believe the issues should be tried. We think the ends of justice will be best subserved by reversing the judgment, and directing the district court to open the former judgment—if the facts alleged in this petition are established by the evidence—and to try the issues of fact in the former case, upon the condition that plaintiffs, within 30 days from the filing hereof, first pay all previous costs in both courts. If they fail to do this, the judgment will stand affirmed.

REVERSED ON CONDITION.