PETER MEHRENS ET AL., APPELLANTS, V. OTTO BAUMAN, TREASURER, APPELLEE.

FILED JULY 9, 1930. No. 27277.

G. E. *La Violette*, for appellants.

C. A. *Sorensen*, Attorney General, Henry J. Beal, Bryce Crawford, Jr., Baldrige, Dorsey & Baldrige, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and THOMSEN, District Judge.

DEAN, J.

Peter Mehrens and W. F. Poff, plaintiffs, began this suit in the district court for Douglas county, as residents and taxpayers therein, to enjoin Otto Bauman, as county treasurer of Douglas county, from retaining 25 cents which each applicant for a license to operate a motor vehicle is required to pay to the county treasurer for the service rendered pursuant to the provisions of section 6, chapter 148, Laws 1929. The court sustained the defendant's demurrer and thereupon the suit was dismissed. The plaintiffs, alleging error, have brought the record here to have it reviewed.

In 1929 the legislature enacted the act in question, whereby it became the duty of all county treasurers to examine applicants in their respective counties for such licenses and to issue a license to such applicants as were found by the treasurer qualified to receive a license. Section 6 of the act, so far as applicable here, follows:

"The county treasurer or each person appointed by the county treasurer to receive and approve applications for license shall be entitled to a fee of twenty-five cents for

the service rendered, to be paid by the applicant.'"

Plaintiffs contend that the above cited section 6 of chapter 148 is an attempt to repeal that part of chapter 107, Laws 1929, which provides: "All fees collected by the county treasurers shall be credited to the general fund of the county." Plaintiffs also insist that chapter 148 is unconstitutional and void in so far as it attempts to increase the salary of county treasurers, and that it is in violation of section 19, art. III of the Nebraska Constitution, which contains this provision:

"The legislature shall never grant any extra compensation to any public officer, agent, or servant after the services have been rendered nor to any contractor after the contract has been entered into, nor shall the compensation of any public officer, including any officer whose compensation is fixed by the legislature subsequent to the adoption hereof, be increased or diminished during his term of office."

It appears to us that the enactment of chapter 148, Laws 1929, fails to disclose a legislative intent to increase the salaries of county treasurers, as such officers, during their respective terms of office. And this for the obvious reason that the duties pertaining to the licensing of operators of motor vehicles are foreign to and do not at all come within the regular duties of county treasurers. The payment of the fee of 25 cents to county treasurers, as compensation for the issuance of each license by such officials, is not extra compensation for the performance of duties pertaining to their office, but is evidently compensation for new duties imposed upon such county treasurers and by such officers performed under a legislative mandate. Should it be seriously contended that the payment of the fee discussed herein is not a lawful exercise of legislative power? We do not think so.

We are not without support in our conclusion herein. In *Dunkel v. Hall County*, 89 Neb. 585, we held to the proposition that, if a sheriff is entitled to receive a salary of $1,500 per annum, as full compensation in the performance of all of his duties as sheriff, if he also performed the du-

ties of jailer he was entitled to the statutory compensation provided for the performance of other duties as jailer. And the decision in the *Dunkel* case was followed and reaffirmed in *Afflerbach v. York County*, 95 Neb. 611, and also in *Iler v. Merrick County*, 96 Neb. 114.

In a recognized authority the rule is clearly stated in this language:

"Where new duties are delegated by statute to a public officer which are without the scope or range of his office, and additional compensation is provided therefor, the statutory increase is not affected by a constitutional provision prohibiting any increase in the compensation of a public officer after his election or appointment." 21 A. L. R. 258.

And in another jurisdiction the rule was announced in this language: "For new and additional duties imposed on an office, an incumbent thereof may be awarded extra compensation without violating Const. 1901, secs. 118, 281, forbidding an increase of salary during term." *Tayloe v. Davis*, 212 Ala. 282.

We think the provisions contained in section 6, ch. 148, Laws 1929, are amply covered in the title by the language which expresses the object of the enactment of the act, in that such act is to "provide for the licensing of the operators thereof; to provide for the issue, suspension and revocation of such licenses," and that the language of the act does no violence to section 14, art. III of the Nebraska Constitution, which contains this familiar provision:

"No bill shall contain more than one subject, and the same shall be clearly expressed in the title. And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

The recognized rule appears to be that, where the title of an act fairly gives expression to the general subject-matter contained in the act, such act will not be held invalid as being broader than its title. "Whether or not a bill contains more than one subject is to be determined by examining the substance of the bill. Apparent duplicity in the title alone does not invalidate the act." *Van Horn v. State*, 46 Neb. 62.

The duties connected with the examination and licensing of operators of motor vehicles involve additional labor and responsibility by county treasurers outside of their duties as such county treasurers; so that, in view of the facts, the legislature, instead of creating a new office, saw fit to provide for the licensing of all operators of motor vehicles by the several county treasurers of the state.

The trial court did not err in dismissing the action. Finding no reversible error, the judgment is

AFFIRMED.

ROSE and THOMPSON, JJ., dissent.