IN RE APPLICATION NO. 4477 FILED WITH THE DEPARTMENT OF ROADS AND IRRIGATION FOR THE STATE OF NEBRASKA FOR A PERMIT TO LOWER THE WATERS OF FRAZIER LAKE LOCATED IN SECTIONS 25 AND 26-28-17, ROCK COUNTY, NEBRASKA. MAUDE LACKAFF ET AL., APPELLANTS, V. DEPARTMENT OF ROADS AND IRRIGATION OF THE STATE OF NEBRASKA, APPELLEE.

43 N. W. 2d 576

Filed July 24, 1950. No. 32819.

*Edgar M. Morsman III, Morsman, Maxwell, Fike & Sawtell,* for appellants.

*Clarence S. Beck,* Attorney General, and *William T. Gleeson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Rock County sustaining the action of the Department of Roads and Irrigation in refusing to issue a permit for a proposed work of drainage.

The evidence shows that Frazier Lake lies within Sections 25 and 26, Township 28, Range 17, in Rock County. It covers approximately 160 acres. The lake watershed is small in area, the source of the waters of the lake in addition to surface waters being springs and flowing wells. The plaintiffs own about three-fourths of the lake bed, the balance being the property of one Brown. The evidence shows that Holt Creek crosses the south end of Section 26, cuts across the northeast corner of Section 35, and crosses Section 36 in a southeasterly direction. Holt Creek is not a live stream but is a natural watercourse. The record shows that in 1926 a ditch was constructed to carry the waters from plaintiffs' lands into Holt Creek. This ditch has been abandoned. The waters damaging plaintiffs' lands in Section 26 are described as seepage waters which rise in plaintiffs' meadows when the lake is high and recede as the lake level declines in height. No attempt has been made in the past to lower the level of the lake by draining waters directly from it. The evidence shows further that the lake level became high in 1949 and has maintained a high level to the date of the trial in the district court. The waters from the lake have percolated laterally into

plaintiffs' lands and created a seepage condition on approximately 60 acres of plaintiffs' meadow lands. This was the general situation existing when plaintiffs on June 3, 1949, applied to the Department of Roads and Irrigation for a permit to lower the waters of Frazier Lake by constructing a ditch on plaintiffs' lands from Frazier Lake to Holt Creek, a distance of 3,000 feet. The plaintiffs have appealed from the order of the district court sustaining the action of the Department of Roads and Irrigation in refusing the permit.

It is the contention of plaintiffs that they are entitled to construct the drainage ditch under the provisions of section 31-201, R. S. 1943, which provides: "Owners of land may drain the same in the general course of natural drainage by constructing an open ditch or tile drain, discharging the water therefrom into any natural watercourse or into any natural depression or draw, whereby such water may be carried into some natural watercourse; and when such drain or ditch is wholly on the owner's land, he shall not be liable in damages therefor to any person or corporation."

The Department of Roads and Irrigation contends that the controlling statutes are sections 81-702 and 81-705, R. R. S. 1943, which respectively provide: "No person shall drain, lower, or in any manner reduce or divert, the water supply of any natural or perennial lake, if the area exceeds twenty acres at low water stage, or if the lake is of such depth and character as to have more economic importance for fish culture, hunting or other purpose, than the bed of said lake would have for agricultural purposes. Any person, intending to drain, lower, divert, or in any way reduce the waters or water supply of any natural or perennial lake, shall, before commencing the construction of any such work for drainage or diversion, make application to the Department of Roads and Irrigation for a permit to do so."

"If it appears to the Department of Roads and Irrigation that the proposed works of drainage or diversion

will result in injury or damage to any person, or will be detrimental to the public welfare and not result in economic benefit to the state, the department shall refuse to approve the application, and the party making such application shall not prosecute such work so long as such refusal shall continue in force."

It is apparent that section 31-201 is a general law dealing generally with drainage by landowners. Sections 81-702 and 81-705 deal with a specific subject, the drainage of natural lakes covering· an area in excess of 20 acres at low water stage. Specific statutory provisions relating to a particular subject control over general provisions. Canada v. State; 148 Neb. 115, 26 N. W. 2d 509. ·Plaintiffs appear to have so considered it, ·for if section 31-201 alone controlled, no necessity would have existed for obtaining the permit required by section 81-702. The question is one which · must be decided under sections 81-702 to 81-708 inclusive.

The case will ·be heard de novo as in equity in this court. In re Application of Iverson, 151 Neb. 802, 39 N. W. 2d 797. The statute authorizing an appeal states that the appeal shall be heard and · determined upon proofs by the applicant and the department. § 81-706, R. R. S. 1943. This brings it within the rule announced in the Iverson case.

It is claimed by the Department of Roads and Irrigation that the proposed works of drainage will result in injury or damage to another person. Such a contention, if sustained by the evidence, constitutes a bar to the approval of the application for a permit under the express provisions of section 81-705.

The record shows that when the waters of Frazier Lake are high it subirrigates the adjoining lands to such an extent that they are more productive than when the lake is at normal or low stage. There is evidence also that the construction of ·the proposed drain will result in damage to ·the lands of Brown in Section 36. The evidence is that Holt Creek, as it enters the lands owned

by Brown, is flat and level, although it constitutes a natural drain. The dumping of the water from Frazier Lake into Holt Creek, although the ditch is wholly on plaintiffs' land, will spread out over Brown's hay and pasture lands, deposit silt thereon, and materially reduce the productivity of such lands. It is estimated that 70 acres of Brown's lands in Section 36 would be thus damaged. We think this evidence warrants a finding that the construction of the ditch described in the application would seriously damage the Brown lands in Section 36 and require a disapproval of the application and a denial of the permit as provided by section 81-705. The evidence clearly sustains the position of the Department of Roads and Irrigation in refusing to grant the permit. Beem v. Davis, 111 Neb. 96, 195 N. W. 948; Davis v. Beem, 115 Neb. 697, 214 N. W. 633.

The plaintiffs contend that if sections 81-702 to 81-706 are interpreted as urged by the Department of Roads and Irrigation, it purports to authorize the department to determine private rights between adjacent landowners in violation of Article I, sections 3, 6, and 13, and Article V, section 1, of the Nebraska Constitution. The plaintiffs, having sought relief under the provisions of sections 81-702 to 81-706, are not in position to question its constitutionality. It is fundamental that a person may not seek the benefit of a statute and at the same time question its constitutionality. Plaintiffs may pursue such a course only when the statute is invoked against them. La Borde v. Farmers State Bank, 116 Neb. 33, 215 N. W. 559; Sommerville v. Board of Commissioners of Douglas County, 116 Neb. 282, 216 N. W. 815; Federal Farm Mortgage Corporation v. Hughes, 137 Neb. 454, 289 N. W. 866.

For the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.