ELMER B. E. DUERFELDT ET AL., APPELLANTS, V. STATE OF
NEBRASKA, GAME AND PARKS COMMISSION, ET AL.,
APPELLEES.

166 N. W. 2d 737

Filed March 28, 1969.   No. 37121.

Mattson, Ricketts & Gourlay, for appellants.

John P. McKnight and Richard Van Steenberg, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and KOKJER, District Judge.

NEWTON, J.

In this action plaintiffs seek to enjoin the appropriation by eminent domain proceedings of a certain tract of land. The Game and Parks Commission of the State of Nebraska seeks to obtain the land for park purposes. Plaintiffs assert the applicable legislative act is unconstitutional and that defendant has failed to comply with its terms. Judgment was entered for defendant in the district court. We affirm the judgment.

Plaintiffs are the owners of certain lands sought by defendant for inclusion in Indian Cave State Park in Richardson County, Nebraska. The land in dispute is included in the lands described in section 81-815.26, R. S. Supp., 1967. It is the site of a unique cave known as "Indian Cave" which is a primary inducement to the establishment of the park. Acquisition of the land was approved by the commission and eminent domain proceedings authorized. Sufficient funds for the purpose were contained in the budget of the commission. Consent of the Governor to the acquisition of this land was not obtained.

In essence, plaintiffs' contentions are: (1) Defendant is not a legal entity which may be clothed with the power of eminent domain; (2) Laws 1967, chapter 587, page 1985 (L.B. 560), which promulgates section 81-815.26, R. S. Supp., 1967, is void because a restriction on the disposition of properties acquired by eminent domain proceedings is not mentioned in the title of the act; (3) the act is void as being a special or local law; (4) the act is void for failing to establish standards for the exercise of eminent domain; and (5) the Governor's consent to the acquisition of the land has not been obtained.

Section 76-701, R. R. S. 1943, provides in part that: "(1) Condemner means any legal entity that by law has been granted the right to exercise the power of eminent domain, and includes the state and any governmental or poltical subdivision thereof."

Section 76-704, R. R. S. 1943, authorizes such condemners to bring eminent domain proceedings. In Department of Banking v. Hedges, 136 Neb. 382, 286 N. W. 277, the same question was raised in regard to the Department of Banking. The court stated: "The word 'entity' means a real being, existence. 'Legal entity,' therefore, means legal existence." The commission, created by Chapter 81, article 8, R. R. S. 1943, is a department of state government having an actual legal existence and is a legal entity.

Section 81-815.26, R. R. S. 1943, as amended in 1967, contains a clause requiring the consent of the Legislature to the sale or trading of any real estate acquired by the commission by eminent domain. This restriction is not specifically mentioned in the title of L.B. 560. The title states: "AN ACT to amend section 81-815.26, Reissue Revised Statutes of Nebraska, 1943, relating to state administrative departments; to authorize the Game, Forestation and Parks Commission with the consent of the Legislature to use eminent domain until August 18, 1971, for acquisition of certain sites as prescribed; to give such consent as to prescribed property; to repeal the original section; and to declare an emergency." It is apparent that the Legislature, in conferring upon the commission the power of eminent domain, intended to insure against the exercise of the power for unauthorized purposes or the acquiring of trading stock and to see to it that no property was taken which was not required for a proper development of the state park system and other authorized purposes. The restriction is in the nature of a limitation on the general powers conferred by the act. The inclusion in the act of a restriction on the general powers conferred does not in-

dicate that it contains more than one subject or that the subject of the act is not clearly expressed in the title. "Where the title of an act fairly gives expression to the general subject-matter contained in the act, such act will not be held invalid as being broader than its title." Mehrens v. Bauman, 120 Neb. 110, 231 N. W. 701. "The provisions of the Constitution relating to titles are to be liberally construed so as to admit of the insertion in a legislative act of all provisions which, although not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in the title, and to admit all provisions which are germane, and not foreign, to the provisions of the act as expressed in its title." In re Application of Rozgall, 147 Neb. 260, 23 N. W. 2d 85. The title to the act is sufficiently broad to meet constitutional requirements.

It is said that section 81-815.26, R. S. Supp., 1967, is a special or local law in that it gives legislative consent to the appropriation of certain described properties. It cannot be successfully disputed that the Legislature has authority to confer the power of eminent domain on any governmental or political subdivision or legal entity thereof. Ordinarily, the right to select the tracts necessary to be acquired is vested in the entity upon which such power is conferred. Nevertheless, there is no constitutional prohibition against the Legislature requiring that its consent first be obtained before the power is exercised as to any particular piece of property. The power conferred upon the commission by the statute is a general power to condemn private property for park and other stated purposes. It is not limited to particular tracts, but does require legislative consent before any tract is so acquired. It then gives legislative consent to the taking of certain specified properties. Such consent may be extended to other properties by future legislative acts. The principle is the same as that found in the former act which required the Governor's consent. The failure to exclusively vest authority in the

commission to select the lands to be appropriated in this manner is not material. "* * * the legislature may make a reasonable classification, resting on grounds of public policy, or some substantial difference of situation or circumstances that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified. * * * If the statute operates equally upon all persons or objects of a class so constituted, it is enough." Dougherty v. Kubat, 67 Neb. 269, 93 N. W. 317. "The Legislature has the right to delegate the power of eminent domain and to restrict or limit the extent of its use." Burnett v. Central Nebraska Public Power & Irr. Dist., 147 Neb. 458, 23 N. W. 2d 661. The present act confers upon the commission the power of eminent domain for the purpose of acquiring sites of "scenic, historic or recreational value or unique natural areas, or access thereto," subject only to legislative consent in each instance. This power is general and not special in nature.

Plaintiffs assert that the act is unconstitutional in that it fails to set up standards for the use of the power of eminent domain. As has been pointed out, the act specifically states that the power conferred may be exercised only for the purpose of acquiring property for public use deemed to have "scenic, historic or recreational value." It further provides the manner in which the power shall be exercised. None of our statutes conferring the power of eminent domain are any more explicit. It is generally deemed sufficient if an act specifies the purposes for which property may be acquired, provides for just compensation, and satisfies the demands of due process by providing for adequate notice and hearing. See May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448.

Section 81-805, R. S. Supp., 1967, provides that with the consent of the Governor, the commission may by purchase, when funds on hand or appropriated therefor are sufficient, or by gift, devise, or otherwise, acquire

title to sites for purposes similar to those mentioned in section 81-815.26, R. S. Supp., 1967. The two statutes were amended in separate acts by the 1967 Legislature. Prior to the 1967 amendment, the latter section dealing with eminent domain contained a similar provision requiring the Governor's consent. The 1967 act changed this to require legislative consent, but left the original provision requiring the Governor's consent in section 81-805, R. S. Supp., 1967. The 1967 change in this respect, substituting legislative for the previously required Governor's approval, definitely indicates a legislative intent to do away with the requirement that the Governor's consent be obtained prior to exercising the right of eminent domain. Superficially there appears to be some conflict or inconsistency between the two statutes. It will be noted that section 81-805, R. S. Supp., 1967, deals generally with the acquisition of property by the commission, whereas section 81-815.26, R. S. Supp., 1967, deals specifically with property to be acquired by eminent domain. Under such circumstances, the latter section controls. "Specific statutory provisions, relating to a particular subject, control over general provisions * * *." Lackaff v. Department of Roads & Irrigation, 153 Neb. 217, 43 N. W. 2d 576. See, also, State ex rel. Agricultural Extension Service v. Miller, 182 Neb. 285, 154 N. W. 2d 469.

The judgment of the district court is affirmed.

AFFIRMED.