REQUESTED BY: Dear Senator:
You have requested the opinion of this office concerning whether the titles to LBs 39, 40 and 41 adequately express the subject contained in those bills the meaning of Article III, Section 14 of the Nebraska Constitution.
Section 14 of Article III of the Constitution of the State of Nebraska requires in part that:
 ". . . No bill shall contain more than one subject, and the same shall be clearly expressed in the title. . . ."
The Nebraska Supreme Court in Duerfeldt v. State, 184 Neb. 242,166 N.W.2d 737 (1969) stated:
 ". . . `Where the title of an act fairly gives expression to the general subject-matter contained in the act, such act will not be held invalid as being broader than its title.'. . . `The provisions of the Constitution relating to title are to be liberally construed so as to admit of the insertion in a legislative act of all provisions which, although not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in the title, . . .'"
. . . .
The Supreme Court furthermore stated the purpose of said constitutional provision to be in Blackledge v. Richards,194 Neb. 188, 231 N.W.2d 319:
 ". . . The purpose of Article III, section 14, of the Nebraska Constitution, is to prevent surreptitious legislation. This court will not strike down an act of the Legislature under this provision of the Constitution if it can be said that the title calls attention to the subject matter of the bill. . . ."
The court then proceeds to hold that the challenged section was germane to the purpose announced in the title to the act and therefore the challenged section was not enacted in violation of the Nebraska Constitution.
The title to all three legislative bills reads in part as follows:
 "For an act relating to crimes and punishments; to harmonize provisions with the Nebraska Criminal Code; to provide an operative date; to amend sections. . ."
Your question is essentially whether the title of the act is broad enough to encompass within its meaning changes in penalties including those instances wherein the penalty is increased. In light of the liberal interpretations historically given section 14 of Article III, we are of the opinion that the titles to the bills in question are valid and not in conflict with the Nebraska Constitution. It is our opinion that if the court were presented with such a question it would hold that a change in penalty, whether an increase or decrease, incidental to the assignment of various violations into classes of criminal behavior under the proposed Nebraska Criminal Code, is germane to the purpose expressed in the titles of the bills in question.