REQUESTED BY: Dear Senator Schmit:
You have requested the opinion of this office concerning whether LB 321 contains more than one subject in violation of Article III, section 14 of the Nebraska Constitution. Further you inquired, `[i]f there are two subjects, would the problem be remedied by amending the title to include a reference to the Council members?'
Article III, section 14 of the Nebraska Constitution provides in pertinent part:
 ". . . No bill shall contain more than one subject, and the same shall be clearly expressed in the title. . . ."
The analysis required to determine whether or not legislation violates the above quoted portion of Article III, section 14, was articulated in Van Horn v. State, 46 Neb. 62,64 N.W. 365 (1895), wherein the court stated:
 "We, therefore, look to the bill itself to ascertain whether or not it contains more than one subject, and having ascertained that it contains but one, then we look to the title to see if that subject is clearly expressed therein. If so, the constitutional provision we are here discussing is not violated." 64 N.W. at 368.
In Midwest Popcorn Co. v. Johnson, 152 Neb. 867, 872,43 N.W.2d 174 (1950), the court stated:
 ". . . An act, no matter how comprehensive, is valid as containing but one subject if a single main purpose is within its purview and nothing is included within it except that which is naturally connected with and incidental to that main purpose. . . ."
See also, Anderson v. Tiemann, 182 Neb. 393,155 N.W.2d 322 (1967); Van Horn v. State, supra; 1975-76 Attorney General's Opinion, No. 76, p. 89.
The main purpose of LB 321 is environmental protection and all sections of the bill are incidental and germane to that purpose. In our opinion LB 321 contains but one subject as required by Article III, section 14 of the Nebraska Constitution.
Having reached the conclusion that the bill involves one subject, the question arises whether that subject is clearly expressed in the title. The Nebraska Supreme Court in Duerfeldt v. State, 184 Neb. 242, 245, 166 N.W.2d 737
(1969), stated:
 ". . . `Where the title of an act fairly gives expression to the general subject-matter contained in the act, such act will not be held invalid as being broader than its title.'. . . `The provisions of the Constitution relating to titles are to be liberally construed so as to admit of the insertion in a legislative act of all provisions which, although not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in the title, . . .'. . ."
In Thompson v. Commercial Credit Equipment Corp.,169 Neb. 377, 99 N.W.2d 761 (1959), the court stated that the purpose of this constitutional requirement:
 ". . . `is to give notice, through the title of the bill, to the members of the legislature and the public, of the subject matter of the projected law, in other words, that the title should clearly indicate the legislation embraced in the bill.'. . ."
See also, Blackledge v. Richards, 194 Neb. 188,231 N.W.2d 319 (1975); 1977 Attorney General's Opinion, No. 26.
Even though the court has historically given a liberal interpretation to Article III, section 14, it is our opinion that there is a substantial question as to the validity of LB 321.
The title to LB 321 specifically enumerates the subject matter of the bill, with the exception of the provisions of section 3. Said section eliminates the requirement that individuals appointed to the Environmental Control Council be reconfirmed by the Legislature after serving two years.
Due to the restrictive nature of the present title to LB 321, it is questionable whether this title is broad enough to encompass the contents of section 3. It is difficult to predict with any degree of certainty whether or not the act would be upheld by our court if challenged under Article III, section 14. However, we would advise a revision of the present title so that the contents of section 3 are specifically mentioned therein. With this revision, in our opinion the act would comply with the requirements of ArticleIII, section 14 of the Nebraska Constitution.