REQUESTED BY: Dear Senator Haberman:
You have requested the opinion of this office concerning LB 344 which would establish the Nebraska Clean Indoor Air Act. Initially, you have inquired whether the title to LB 344 adequately expresses the subject contained in the bill within the meaning of Article III, section 14, of the Nebraska Constitution.
Section 14 of Article III provides in pertinent part:
 ". . . No bill shall contain more than one subject, and the same shall be clearly expressed in the title. . . ."
The title of LB 344 provides:
 "FOR AN ACT to adopt the Nebraska Clean Indoor Air Act; to provide for severability; to provide an operative date; and to repeal sections 28-1327 and 28-1328, Revised Statutes Supplement, 1978."
The legal standard by which the title of a legislative bill is to be evaluated under Article III, section 14, of the Nebraska Constitution was reiterated in Duerfeldt v.State, 184 Neb. 242, 166 N.W.2d 737 (1969), wherein the court stated:
 ". . . Where the title of an act fairly gives expression to the general subject-matter contained in the act, such act will not be held invalid as being broader than its title.
 . . . The provisions of the Constitution relating to titles are to be liberally construed so as to admit the insertion in a legislative act of all provisions which, although not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in the title, . . ."
Also in Rein v. Johnson, 149 Neb. 67, 81,30 N.W.2d 548 (1947), the court stated:
 "That provision does not require that the title to an act should be a synopsis of a law. Its purpose was to prevent surreptitious legislation by advising legislators of the nature of the measures they are called upon to support or oppose. If, by a fair and reasonable construction, the title calls their attention to the subject matter of the proposed act, it may be said that the object is clearly expressed in the title. . . ." See also, Blackledge v. Richards, 194 Neb. 188, 231 N.W.2d 391 (1975).
Your specific inquiry is whether the title of LB 344 is sufficiently clear to allow the prohibition against smoking in public places in section 7 and the criminal penalty for violation of section 7 found in section 12. The object and purpose of this act is the regulation of indoor air pollutants. In our opinion, the above mentioned sections of the act are germane to its general purpose. Based on the liberal interpretations historically given Article III, section 14, it is our opinion that the title, `Nebraska Clean Indoor Air Act' sufficiently expresses the purpose of the act so as to withstand constitutional scrutiny.
Further, you have inquired whether the provisions of LB 344 improperly delegate legislative authority to the Department of Health in violation of Article II, section 1, of the Nebraska Constitution.
The Nebraska Supreme Court considered this issue inGillette Dairy, Inc. v. Nebraska Dairy Products Board,192 Neb. 89, 219 N.W.2d 214, 221 (1974), wherein it was stated:
 "It is fundamental that the Legislature may not delegate legislative authority to an administrative or executive authority. It does, however, have power to authorize an administrative or executive department to make rules and regulations to carry out an express legislative purpose or for the complete operation and enforcement of a law within designated limitations. It is fundamental, however, that in the legislative grant of power to an administrative agency, such power must be limited to the express legislative purpose and administered in accordance with standards described in the legislative act. [Citing Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 104 N.W.2d 227 (1960).] `The limitations of the power granted and the standards by which the granted powers are to be administered must, however, be clearly and definitely stated. They may not rest on indefinite, obscure, or vague generalities, or upon extrinsic evidence not readily available.'"
Section 10 of LB 344 provides:
 "The Department of Health shall, not later than January 1, 1980, adopt and promulgate rules and regulations necessary and reasonable to implement the provisions of this act. The Department of Health shall consult with interested persons and professional organizations before promulgating such rules and regulations." (Emphasis added.)
Section 11 of LB 344 provides:
 "The Department of Health may, upon request, waive the provisions of this act if it determines there are compelling reasons to do so and a waiver will not significantly affect the health and comfort of nonsmokers." (Emphasis added.)
Section 1 expresses the legislative purpose to `protect the public health, comfort and environment.'
Based on the court's pronouncement in Gillette,supra, the question to be resolved is whether sections 10 and 11 of LB 344 contain sufficiently clear and definite standards so as to guide the agency in determining how to administer the power which it is granted. In our opinion, the act does not meet this requirement. Section 11 appears to be particularly defective as it is void of any indication concerning what factors may be considered `compelling reasons.' The Legislature may not vest an agency with uncontrolled discretion to determine when and on whom a law shall take effect. 73 C.J.S., Public Administrative Bodies andProcedure, § 29, p. 324.
Therefore in our opinion, LB 344 improperly delegates legislative authority and is constitutionally suspect.