REQUESTED BY: Margaret Pavelka, R.N., Director, Board of Nursing.
1. Must persons holding a current nursing license meet the practice and training requirements of section71-1,132.52 in order to have their licenses renewed for 1980?
2. Can the operative date of that section be delayed until a reasonable time after rules to implement it are on file with the Revisor of Regulations?
1. Yes.
2. No.
Section 71-1,132.52, R.S.Supp., 1978 provides:
 "In order to insure that all nurses who are currently licensed have sufficient scientific and practical knowledge to remain competent to practice nursing, no license to practice nursing shall be renewed unless the nurse has within the preceding five years engaged in the practice of nursing for a minimum of two hundred hours in addition to twenty hours of either:
 "(a) In-service education provided by the employer which the employer provides as a condition of participation in the Medicare program; or
 "(b) Continuing education courses approved by the Board of Nursing." (Emphasis added.)
As an alternative, a person licensed to practice nursing can qualify for license renewal by taking 75 hours of continuing education.
Section 71-1,132.52 was section 3 of Laws 1978, LB 658. It was new law. Sections 71-1,132.11 and 71-1,132.20 were amended by that act. The act became effective on July 22, 1978, three months after the Legislature enacting it adjourned. However, that does not preclude individual parts of it from becoming operative at a later time if that is the intent of the Legislature. See Wilson v. Marsh, 162 Neb. 237,261-265, 75 N.W.2d 723 (1956).
It is a rule of statutory construction that an act will be construed as a whole, and the intent of the Legislature as deduced from the whole will prevail over that of a particular part considered separately. State ex rel. Hartmanv. Weiss, 181 Neb. 685, 150 N.W.2d 264 (1967). In this case, section 71-1,132.20 clearly provides that after January 1, 1980, applicants who have not practiced nursing for a period of five or more years must complete a review study of courses determined by the board by rules and regulations authorized by section 71-1,132.11. Without qualification, section 71-1,132.52 provides that no license to practice nursing shall be renewed unless the practice and/or training requirements set out in it are met.
Section 71-1,132.20 appears to state a general rule, broad enough to include currently licensed nurses. However, it expressly provides that an inactive license will be returned to active status by the board upon completion of the requirements of that section. Currently licensed nurses are not mentioned except in section 71-1,132.52 which was enacted to insure that all nurses currently licensed have sufficient scientific and practical knowledge to remain competent to practice nursing. It is a rule of statutory construction that where a statute enumerates the things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned unless the Legislature has plainly indicated a contrary purpose or intention.
See Ledwith v. Bankers Life Insurance Company ofNebraska, 156 Neb. 107, 54 N.W.2d 409 (1952). Specific statutory provisions relating to a particular subject control over general provisions. See Duerfeldt v. State Gameand Parks Commission, 184 Neb. 242, 166 N.W.2d 737 (1969).
Under section 71-1,132.20, a nursing license is put in inactive status if an application to renew it is not made on or before January 1. Then the applicant must meet the requirements for retraining under that section. Those requirements will be comparable to those for currently licensed nurses under section 71-1,132.52 since the practice of nursing is defined by that section. Thus requiring currently licensed nurses to meet the requirements of section71-1,132.52 before they can renew their licenses for 1980 is consistent with requiring applicants for reinstatement of an inactive license to meet the requirements of section71-1,132.20 after January 1, 1980.
For the reasons stated above, we have concluded that they must do so.
Under section 71-1,132.11(8), R.S.Supp., 1978, the board has authority to renew the licenses of only duly qualified applicants.
 ". . . The statute is not a mere outline of policy which the agency is at liberty to disregard or put into effect according to its own ideas of the public welfare. Administrative rules and regulations can go no further than filling in the details or interstices of the dominant act. . . ." 1 Am.Jur.2d `Administrative Law' § 132, p. 945.
It will be easier for the board to determine whether a current licensee is qualified for license renewal under section71-1,132.52 if it has a rule on file clarifying such things as which courses will be approved by the board and setting out procedures by which the board will receive data from which it can make its determination. But the board cannot delay the effective date of the statute until it has such a rule. Its duty to perform under the conditions specified is not dependent upon its judgment or discretion. SeeState ex rel. School District v. Ellis, 163, Neb. 86, 92, 93, 77 N.W.2d 809 (1956).
We have concluded that the board has no authority to renew the license of any nurse holding a current license to practice nursing who does not meet the practice and/or training requirements of section 71-1,132.52.