REQUESTED BY: William L. Howland, Dawes County Attorney.
Does LB 628 which increases the jailer fee during the current term of county sheriff violate the provisions of the Constitution against increasing compensation of public officers during their term?
No.
The jailer fee has been a subject of controversy in the State of Nebraska for a number of years.
In the early case of Dunkel v. Hall County, 89 Neb. 585
(1911), the Sheriff of Hall County filed with the county board a claim for services as jailer at the rate of $1.50 per day, the amount allowed by the fee statute to the sheriff as jailer. The county board disallowed the claim and the sheriff sued the county. The evidence showed that the sheriff had not actually performed the duties of jailer but that such services had been performed by a deputy. The Supreme Court pointed out that prior to 1907 the office of sheriff had been termed a fee office, but in that year the Legislature changed it to a salaried office and the salaries were set by the Legislature according to the population of the county. At the time of the lawsuit, Hall County was in a class which paid the sheriff $1,500 per annum, payable in monthly installments. A statute in effect at the time provided, `The jailer or keeper of the jail shall, unless the sheriff elect to act as jailer in person, be a deputy appointed by the sheriff.'
It was contended by the county that the Legislature had intended by the fixed salary to cover all services of the sheriff and that the fee earned by him as jailer was to be turned over to the county. However, the Supreme Court rejected this contention pointing out that there was also a fifty cent a day fee for boarding prisoners and fees for other services for which the sheriff was required to advance his private funds which might considerably cut into his fixed salary.
The county also contended that the sheriff himself should not get the fees since the sheriff did not elect to act as jailer in person but had a deputy perform the duties, which deputy had been duly paid by salary in excess of $1.50 per day. The Supreme Court agreed with the latter contention and concluded that if the sheriff performed the duties of jailer, in addition to his duties as sheriff, he was entitled `not to extra compensation for the performance of his duties as sheriff, but to the compensation provided for the performance of the other duties as jailer'; that if the sheriff did not perform the services as jailer, he was not entitled to the fees provided therefor.
The Supreme Court reaffirmed this holding in the latter cases of Afflerbach v. York County, 95 Neb. 611, and Ilerv. Merrick County, 96 Neb. 114.
These cases do not, of course, fully answer the constitutional question involved here.
The constitutional question was raised, however, in the case of Mehrens v. Bauman, 120 Neb. 110, in a suit by taxpayers to enjoin the Douglas County Treasurer from retaining a statutory twenty-five cent fee which each applicant for a license to operate a motor vehicle was required to pay to the county treasurer for examination and issuance of a license to such applicant as was found by the treasurer to be qualified.
In answer to the contention that this amounted to increased compensation during the term of office in violation of Article III, section 19 of the Nebraska Constitution, the Supreme Court of Nebraska stated:
 "It appears to us that the enactment of chapter 148, Laws 1929, fails to disclose a legislative intent to increase the salaries of county treasurers, as such officers, during their respective terms of office. And this for the obvious reason that the duties pertaining to the licensing of operators of motor vehicles are foreign to and do not at all come within the regular duties of county treasurers. The payment of the fee of 25 cents to county treasurers, as compensation for the issuance of each license by such officials, is not extra compensation for the performance of duties pertaining to their office, but is evidently compensation for new duties imposed upon such county treasurers and by such officers performed under a legislative mandate."
120 Neb. at 112.
The court then emphasized that it was supported in this conclusion by the previous cases discussed above of Dunkel,Iler and Afflerback, all relating to jailer fees.
The statutes of Nebraska continue to provide that the county sheriff may act as jailer himself or his deputy may do so, except in counties having a population of 150,000 or more inhabitants which have a county board of corrections. Neb.Rev.Stat. § 23-1703 (Supp. 1980).
In the more recent case of Dorrance v. County ofDouglas, 149 Neb. 685, it was argued that the omission of the counties having a population in excess of 200,000 from receiving fees for boarding prisoners made it possible for the sheriff of a small county to be paid more than the sheriff of a large county such as Douglas. A majority of the Supreme Court answered this contention by stating that the allowances made for boarding of prisoners was not salary within the meaning of the statute fixing salaries. The Chief Justice concurring emphasized that it was clearly the intention of the Legislature that the duty of caring for prisoners could be that of the sheriff or his deputy but, it was the position of the Chief Justice that neither should make a profit off of boarding of prisoners an issue avoided by the majority opinion.
In light of the foregoing review of the cases of the Supreme Court of Nebraska, and until such time as the Legislature or the Supreme Court provides otherwise, we must take the position that the increase in jailer fees is not an increase in compensation of the sheriff in violation of ArticleIII, section 19 of the Nebraska Constitution.